Dwight STERLING *v.* STATE of Arkansas

CR 79-169                                   590 S.W. 2d 254

Opinion delivered November 26, 1979
(In Banc)
[Rehearing denied January 7, 1980.]

*John Patterson,* for appellant.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

John I. Purtle, Justice. This is an interlocutory appeal from the order of the trial court denying appellant's motion to introduce evidence of the alleged victim's prior sexual conduct at the trial of the case on its merits. It was the holding of the trial court that the inflammatory and prejudicial nature of the evidence outweighed its probative value. Although the court held there was some probative value, there was no holding of relevancy.

Appellant urges the trial court erred in ruling the evidence of the alleged victim's prior sexual conduct would be inadmissible at the trial and further erred in unduly limiting direct examination of the alleged victim concerning her conduct on the night of the alleged rape. We do not find the court erred on either allegation.

Appellant is one of two men charged with the rape of a 13 year old girl on August 8, 1978, in White County, Arkansas, in violation of Ark. Stat. Ann. § 41-1803 (Repl. 1977). Appellant filed a motion to admit (at the trial) evidence of the victim's prior sexual conduct pursuant to the provisions of Ark. Stat. Ann. § 41-1810.2 (Repl. 1977). During the course of the in camera hearing the appellant's counsel inquired of the victim as to her motive in causing the charges of rape to be filed. The specific questions asked at the time were: (1) What did you tell your parents? (2) How much did you drink? The court sustained the state's objection to these questions. The court further commented that appellant could not inquire about acts upon which the present prosecution was based. There was no proffer of the answers nor were other questions presented either as to the acts upon which the prosecution was based or questions relating to other acts of sexual conduct.

Ark. Stat. Ann. § 41-1810.1 (Repl. 1977) prohibits introduction of evidence of a victim's prior sexual conduct. However, the next section of the Act (§ 41-1810.2) reads as follows:

> Notwithstanding the prohibition contained in Section 1 (§ 41-1810.1), evidence directly pertaining to the act upon which the prosecution is based or evidence of the victim's prior sexual conduct with the defendant or any other person may be admitted at the trial if the relevancy of such evidence is determined in the following manner: ***

This statute clearly allows evidence of the alleged victim's prior sexual conduct, as well as evidence directly pertaining to the acts upon which the present prosecution is based, to be introduced or inquired about at the in camera hearing. The purpose of such hearing is to review the evidence to determine whether it is relevant for trial purposes. Unless the court hears such evidence, it cannot properly determine its relevancy. Such conduct, including conduct on the date or at the time of the alleged offense, is proper at the pretrial hearing. Any conduct which relates to consent of the alleged victim is proper, regardless of its time and place. Remoteness in time and absence of similar circumstances go to the relevancy of such conduct and are matters to be considered by the trial court in determining whether such evidence should be excluded at the trial.

Appellant should have been permitted to present any available evidence relating to the victim's prior sexual conduct and any available evidence relating to the acts upon which the present prosecution is based. However, the in camera hearing is not designed to be used as a subterfuge to obtain a discovery deposition from the alleged victim. There is no requirement that the victim present herself for questioning by the accused. We disagree with appellant's theory that all prior acts of sexual conduct are relevant as tending to show consent. To accept such contention would serve to completely defeat the intent of the General Assembly as evidenced by the enactment of Act 197 of 1977. The emergency clause of Act 197 (Ark. Stat. Ann. § 41-1810.1.2.3.4)

specifically recites that evidence in such hearings is limited to that which directly pertains to the act upon which the prosecution is based. The obvious intent of the Act was to encourage victims to prosecute offenders without fear of being humiliated by public questions concerning any and all past acts of sexual conduct.

We agree with the trial court's holding that what the victim told her father or what motivated her to cause the charges to be filed is not within the bounds of the statute or the motion as filed. The motion stated the appellant had information which he desired to present to the court for consideration. We are unable to rule on evidence not proffered or questions not asked. *Duncan* v. *State*, 263 Ark. 242, 565 S.W. 2d 1 (1978). Prior acts of sexual conduct are not within themselves evidence of consent in a subsequent sexual act. There must be some additional evidence connecting such prior acts to the alleged consent in the present case before the prior acts become relevant. The record before us does not show there is any additional connecting evidence which renders the prior admitted consensual acts of sexual conduct relevant in the present case. Had the appellant proffered additional questions and answers we might have been in a position to agree with his contentions. Appellant may cross-examine the alleged victim at the trial about events which may be relevant to his defense. It is possible that matters previously ruled inadmissible could become relevant. Any time before the defense rests he may present a written motion to the court relating to the victim's prior sexual conduct. Ark. Stat. Ann. § 41-1810.2 (a), supra.

Affirmed.

HARRIS, C.J., not participating.

BYRD, J., dissents.