Kenneth MARION *v.* STATE of Arkansas

CR 79-175                           590 S.W. 2d 288

Opinion delivered December 10, 1979
(In Banc)

*John W. Achor,* Public Defender, by: *James Phillips,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged with rape in violation of Ark. Stat. Ann. § 41-1803 (Repl. 1977). Prior to the trial, appellant filed a motion for an in camera hearing to determine the admissibility at trial of the victim's prior sexual conduct. Ark. Stat. Ann. § 41-1810.2 (a) (Repl. 1977). After a hearing the court denied the admissibility of some of this evidence. Appellant brings this interlocutory appeal pursuant to Ark. Stat. Ann. § 41-1810.2 (c).

Appellant first asserts that exclusion of the victim's prior sexual conduct at trial impairs his ability to establish his defense to the rape charges. His argument is two fold: (1) application of §§ 41-1810.1 and 41-1810.2 violates his Sixth Amendment due process right at a criminal proceeding to confront his accuser, and (2) at the in camera pretrial hearing, he is forced to reveal certain aspects, the weakness or strength, of his defense in violation of his Fifth Amendment right against self-incrimination.

The application and interpretation of this exclusionary policy in rape cases will not doubt continue to be the source of much litigation. This statute provides that evidence of the victim's prior sexual conduct is inadmissible at trial except where the court, at an in camera hearing, makes a written determination that it is relevant to a fact in issue and that its probative value outweighs its inflammatory or prejudicial nature. Ark. Stat. Ann. § 41-1810.2 (b) (Repl. 1977), and *Bobo and Forrest* v. *State,* 267 Ark. 1, 589 S.W. 2d 5 (1979).

We are satisfied that the exception to the general exclusionary policy and the in camera hearing provide the appellant with a full and fair opportunity to confront his accuser. See *Pointer* v. *Texas,* 380 U.S. 400 (1964). In *Sterl-*

*ing* v. *State,* 267 Ark. 208, 590 S.W. 2d 254 (1979), we stated:

> This statute clearly allows evidence of the alleged victim's *prior sexual conduct,* as well as evidence directly pertaining to the acts upon which the present prosecution is based, to be *introduced or inquired about at the in camera hearing.* The purpose of such hearing is to review the evidence to determine whether it is *relevant for trial purposes.* (Italics supplied.)

After giving due deference to the right of the accused to present his defense, the statute seeks to protect the victim from unnecessary humiliation at trial based on irrelevant and prejudicial, though probative, evidence. See *Duncan* v. *State,* 263 Ark. 242, 565 S.W. 2d 1 (1978); and *Bobo and Forrest* v. *State, supra.* The appellant certainly has no constitutional right to present irrelevant evidence at trial. Here, for example, the fact that the victim has two illegitimate children and an alleged reputation as a prostitute is not relevant to the central fact in issue; i.e., whether the alleged act of sexual intercourse actually occurred. The court also correctly ruled that the prosecutrix may be questioned on cross-examination concerning her prior sexual involvement with the appellant and that the appellant could testify at trial concerning his prior sexual involvement with the victim. *Bobo and Forrest* v. *State, supra.*

If the statute absolutely barred evidence of the victim's prior sexual conduct, its constitutionality would be suspect in light of *Davis* v. *Alaska,* 415 U.S. 308 (1975). This it does not do. Since this evidence is admissible at trial upon the court's determination that it is relevant to the fact in issue, and that its probative value outweighs its inflammatory or prejudicial nature, we cannot say that the appellant's due process rights are not fully protected.

We are also satisfied that application of the statute does not result in a violation of the accused's Fifth Amendment right against self-incrimination. Appellant's argument is that the in camera hearing aids the prosecution by allowing potential discovery of the strength and weakness of his defense. However, pursuant to the Rules of Crim. Proc., Rule

18.3 (Vol. 4A Repl. 1977), the appellant must reveal, upon the state's request, the nature of any defense which he intends to establish at trial, and the names and addresses of the witnesses who will testify in support of these defenses. Therefore, at the in camera hearing, it appears that the appellant is not forced to reveal any more of his defense strategy than he is required to do under existing procedural rules. Further, similar "rape shield" statutes in other jurisdictions, attacked as here, have been declared constitutional. *State* v. *Blue,* 592 P. 2d 897 (Kans. 1979); *Cameron* v. *State,* 561 P. 2d 118 (Okla. 1977); *Smith* v. *Commonwealth,* 566 S.W. 2d 181 (Ky. App. 1978). Here the statute is a valid exercise of the legislature's authority to shield the victim of a sexual offense from becoming, herself, the defendant.

Appellant's defense to the rape charge was that no sexual intercourse occurred between them on the alleged occasion. He proffered evidence that the charge against him was made by the prosecutrix because of a fight they had as a result of his contracting a venereal disease from her. At the time of the fight, she threatened "she would get even with him". Consequently, the present charge resulted. We cannot agree with the court's exclusion of this proffered evidence. Certainly, upon sufficient proffer as here, the victim's bias, prejudice or ulterior motive for filing the charge is relevant or germane to the question of whether the alleged act of sexual intercourse actually occurred and the probative value outweighs its inflammatory or prejudicial nature. See *Milenkovic* v. *State,* Wis. App., 272 N.W. 2d 320 (1978). There it was also said:

> The offer of proof need not be stated with complete precision or in unnecessary detail but it should state an evidentiary hypothesis underpinned by a sufficient statement of facts to warrant the conclusion or inference that the trier of fact is urged to adopt[,] . . . . [and] it ought to enable a reviewing court to act with reasonable confidence that the evidentiary hypothesis can be sustained and is not merely an enthusiastic advocate's overstated assumption.

Here appellant's counsel was denied effective cross-ex-

amination of a constitutional magnitude when he, after stating an evidentiary hypothesis underpinned by a sufficient statement of facts, was refused the right to reveal "possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand [, a sexual offense]." See *State* v. *DeLawder,* 344 A. 2d 446 (Md. App. 1975). Also see Weinstein's Evidence § 607[03].

Affirmed as modified.

HARRIS, C.J., not participating.