Karl FARRELL *v.* STATE of Arkansas

CR 80-13                                        601 S.W. 2d 835
Supreme Court of Arkansas
Opinion delivered June 23, 1980

362

*Robert R. Cloar*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. This is an interlocutory appeal from an order prohibiting appellant, who is charged with rape, from introducing evidence of the victim's prior sexual conduct. We do not reach the merits of the appellant's argument because the offer of proof of the victim's prior sexual conduct was inadequate.

On September 4, 1978, appellant, Karl Farrell, was charged by information in the Sebastian County Circuit Court with engaging in deviate sexual activity with a child ten years of age. Seeking to introduce evidence of the child's prior sexual conduct, appellant filed a written motion to establish the admissibility of the evidence. Under Ark. Stat. Ann. § 41-1810 (Repl. 1977), commonly referred to as the "rape shield" statute, such evidence may be introduced by a defendant if the trial court determines at a pre-trial hearing that it is relevant and that its probative value outweighs its in-

flammatory or prejudicial nature. At the hearing on appellant's motion, appellant presented no testimony but simply indicated to the trial court that he believed that the victim would admit having prior sexual conduct with others of a nature similar to that involved in the charge against appellant if questioned. Appellant contends that such evidence should be considered by the jury in mitigation of the penalty for rape. When the court denied the motion, appellant filed this interlocutory appeal.

Although we understand the purpose for which appellant offers to introduce evidence of the victim's prior sexual conduct, no court can determine its relevancy and whether that relevancy outweighs its inflammatory or prejudicial nature without hearing the evidence. At the hearing below, appellant not only did not produce any facts of the child's prior sexual conduct, he did not even contend that he knew of any. We have held many times that an evidentiary proffer must be sufficiently concrete and provide enough details for the trier of fact to perform its tasks. *Duncan* v. *State*, 263 Ark. 242, 565 S.W. 2d 1 (1978). *Marion* v. *State*, 267 Ark. 345, 590 S.W. 2d 288 (1979). Even without the "rape shield" statute one rule of evidence remains quite clear: no proof of the victim's prior sexual conduct means no admission of it.

Affirmed.