Robert Lee BORECK *v.* STATE of Arkansas

CR 80-244                                    613 S.W. 2d 96

Supreme Court of Arkansas
Opinion delivered March 23, 1981

*James E. Davis*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Robert Lee Boreck, the appellant, is charged with rape. He confessed to the crime, and the trial court found, at a Denno hearing, that the confession was freely and voluntarily given. Appellant then filed a motion, pursuant to Ark. Stat. Ann. § 41-1810.2 (Repl. 1977), for a ruling authorizing introduction of evidence about prior sexual conduct between himself and the prosecuting witness and between the prosecuting witness and other persons. At the evidentiary hearing the appellant denied that he had sexual intercourse with the prosecuting witness on the night in question, testified he did not remember giving the confession, and denied making the con-

fession. He testified that he had consensual sexual intercourse with the prosecutrix one month before she was raped. The trial court ruled the requested evidence was not admissible, and appellant filed this interlocutory appeal.

The admissibility of evidence of a victim's prior sexual conduct is, by the terms of Ark. Stat. Ann. § 41-1810.1 (Repl. 1977), barred from admission at trial. The only exception to this exclusionary rule occurs when the trial court finds the evidence is relevant to the current charge and its probative value outweighs its inflammatory or prejudicial nature.

Prior acts of sexual conduct may be evidence of consent in a subsequent sexual act. *Sterling* v. *State*, 267 Ark. 208, 590 S.W. 2d 254 (1979). But in this case the appellant denies he had sexual intercourse with the prosecutrix on the date she was raped; consequently, he does not claim she consented. The testimony about sexual intercourse one month prior to the offense is prohibited by the statute cited above. The same reasoning applies to testimony about prior sexual conduct between the prosecutrix and other persons.

The trial court was correct in ruling that on the facts now before us the evidence should not be admitted.

Appellant contends that he had a right to cross-examine the complaining witness at the evidentiary hearing. We disagree. The purpose of this statutory preliminary hearing is to review the evidence to determine relevancy and admissibility and then to determine whether the defendant has a valid reason to pierce the rape shield statute with that evidence. It is not a discovery hearing. There is no requirement that the victim present herself for questioning by the accused. *Sterling* v. *State*, supra. The cross-examination and confrontation of the accuser will come at the trial on the merits.

Affirmed.