C.L. YOUNG *v.* STATE of Arkansas

CR 88-133                                    757 S.W.2d 544

Supreme Court of Arkansas
Opinion delivered October 3, 1988

*Hawkins & Metzger*, by: *Jay P. Metzger*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

Robert H. Dudley, Justice. The appellant, C.L. Young, and Victor Carver were jointly charged with the crime of rape. There was substantial evidence from which the jury could find that the appellant threatened the victim, a young man, with a knife, told him to take off his clothes, and do whatever the codefendant wanted him to do. The codefendant then committed both oral and anal sex on the victim.

The appellant did not commit the sexual acts, therefore, the appellant's criminal liability for any sexual offense must be based upon the conduct of the codefendant. The jury found the appellant guilty of sexual abuse in the first degree, a felony requiring forcible touching but not penetration, and found the codefendant guilty of sodomy, a misdemeanor requiring penetration but not the use of force. *See* Ark. Code Ann. §§ 5-14-108(a)(1) and 5-14-122 (1987). The appellant argues that the verdicts arising from the same trial are inconsistent and that we must reverse and dismiss his case. We do not find the verdicts to be inconsistent.

The appellant argues that since the jury found the codefendant guilty of sodomy, a crime which does not require force and since the codefendant was the one who committed the sexual acts, a finding that appellant used force to commit a sexual act is an inconsistent verdict.

The appellant's argument is based upon a false premise. That false premise is that the jury found that the codefendant did not use force. The jury found, as they were instructed they could, that the codefendant committed sodomy, an offense included within the definition of rape.[1] Contrary to appellant's assertion, they did not make a finding on whether the codefendant did or did not use force. By statutory definition, their finding was only that the codefendant was of the same sex as the victim and that he penetrated the anus or mouth of the victim. On the other hand, they found the appellant guilty of sexual abuse, which by definition includes a finding of force. The two verdicts are capable of reconciliation. "Inconsistency" is generally understood to mean some logical impossibility or improbability implicit in the jury's findings as between jointly charged defendants. *See* Annotation, *Inconsistency of Criminal Verdicts As Between Two or More Defendants Tried Together*, 22 A.L.R.3d 717 (1968). The jury could have found that appellant was the more culpable of the two defendants because he is the one who actually used the knife to force the victim to submit to the sexual acts. Accordingly, they found him guilty of the greater charge.

Appellant's next point of appeal concerns an evidentiary ruling. The codefendant gave an in-custodial statement in which he denied the crimes charged, but stated that one year earlier he had performed oral sex on the same victim. The trial court admitted the statement into evidence against the codefendant. The appellant contends that the evidentiary ruling was erroneous. The trial court ruled correctly.

A.R.E. Rule 404(b) permits introduction of testimony of other criminal activity under certain circumstances. If it is "independently relevant to the main issue—relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal—then evidence of that conduct may be admissible with a proper cautionary instruction by the court." *White v. State*, 290 Ark. 130, 140, 717 S.W.2d 784, 789 (1986). This concept is the basis for our holdings that in trials

---

[1] The jury was instructed, without objection, that sodomy was a lesser included offense within the crime of rape. We express no opinion on the correctness of that instruction.

for incest or carnal abuse the State may show other acts of intercourse *between the same parties. Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954). Such evidence helps in proving the sexual instinct of the accused, *Free* v. *State*, 293 Ark. 65, 732 S.W.2d 452 (1987), and is expressly applicable to cases of sodomy. *Hummel* v. *State*, 210 Ark. 471, 196 S.W.2d 594 (1946). Accordingly, the trial court did not err in its evidentiary ruling.

Affirmed.