Anthony GAINES *v.* STATE of Arkansas

CR 92-1471                                      855 S.W.2d 956

Supreme Court of Arkansas
Opinion delivered June 28, 1993

*William R. Simpson, Jr.*, Public Defender, by: *Sandy Sherrod*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y

Gen., for appellee.

JACK HOLT, JR., Chief Justice. Anthony Gaines appeals from his criminal conviction for rape. Gaines was charged by felony information filed on March 16, 1992 with the crime of raping a fifteen-year-old girl on or about November 16, 1991. We affirm.

The prosecuting attorney requested that Gaines be sentenced under our felony sentencing statute for habitual offenders, Ark. Code Ann. § 5-4-501 (1987), on the basis that Gaines had previously been convicted of two felonies. The record reflects that Gaines was previously convicted of aggravated assault and false imprisonment in the first degree and was sentenced to six years in the Department of Correction for each charge with four years suspended and credit for ninety-one days served.

The same day as the rape charge was filed, the State filed a petition to revoke Gaines' two suspended sentences on the basis that he had violated the conditions of his suspended sentences.

The evidence presented by the State was that the victim was fifteen years old at the time of the rape and that Anthony Gaines was and remained at the time of his trial the boyfriend of the victim's aunt, Geraldine Pierce. The victim testified that on November 16, 1991, she and her cousin, who was fifteen at the time of the trial, went driving around with Dale Fairchild, her Aunt Kim's husband, and Anthony Gaines in Fairchild's car. During the evening, they drank alcohol and smoked marijuana. The victim said this made her sick, and she told Fairchild she wanted to go home. They continued to drive around and made a few stops. Fairchild and Gaines bought and drank more liquor. They ended up in someone's backyard, where the victim said she passed out. She testified that Fairchild was fearful of taking them home in their condition, so they went to the Sportsman's Inn around midnight to sleep. In the hotel room, the victim and her cousin got in bed fully clothed with their shoes on. When the victim went to sleep, she said Fairchild and Gaines were sitting in a chair and on a table, respectively, and were watching television. The victim said she woke up when she "had to go to the bathroom" and found Gaines on top of her. She had been undressed from the waist down. He told her to be quiet and that he was "Dale." She tried to get up and then Gaines stood up. The

victim testified that Gaines had penetrated her. The victim's cousin awoke and turned the bathroom light on, and Gaines was next to the victim with his pants down around his ankles. Fairchild woke up and took them all home in his car.

Geraldine Pierce, Gaines' girlfriend and the victim's aunt, testified as a defense witness that her sister, Kay Kay Mathis, the mother of the victim's cousin, came to her house the day before the rape occurred. Ms. Pierce said Ms. Mathis threatened her and Gaines although she did not testify as to why. The import of this testimony was never made clear by the defense since the victim was not involved in this dispute. The defense then called, as its only other witness, the policeman who took the victim's statement at the hospital the night of the rape, and he recounted the victim's statement of the events that occurred in the motel room the night of November 16, 1991. The policeman was questioned about the report he made that night, but that report was not introduced into evidence nor was there any mention of its contents relating to whether the victim was a virgin at the time of the rape.

The jury found Gaines guilty of rape and, after instruction on the habitual offender statute, sentenced him to sixty years in prison. Based on the evidence presented at trial, the judge then revoked Gaines' suspended sentences for the prior assault and false imprisonment charges and sentenced him to four years on each count to be served concurrently to each other but consecutively to the rape sentence.

This appeal followed.

## RAPE SHIELD

On July 16, 1992, Gaines filed a motion for a pretrial hearing as provided by Ark. Code Ann. § 16-42-101 (1987), our rape shield law. Gaines argued in his motion that the rape victim had given the North Little Rock Police Department a statement that she was a virgin at the time she was raped and that he sought to impeach her credibility by presenting witnesses at trial who would testify that this was not true.

Prior to trial, two omnibus hearings were held where this motion was discussed. At the first, the prosecutor made it clear that she did not intend to introduce the victim's statement that she was a virgin prior to the rape. The trial court preliminarily

ruled that the defense could have a witness present at trial to rebut that statement if she made it, although no final rulings were made. The second hearing was solely on the issue of the admissibility of the victim's purported virginity. The prosecutor again told the court that she did not intend to bring this up on direct examination of the victim and besides, this statute was designed to protect the victim from unnecessary humiliation; that allowing this evidence would shift the focus from Gaines to the victim's alleged prior sexual conduct, and that the victim's virginity was not relevant. After hearing arguments from counsel on both sides, the trial court issued a letter ruling denying the defense the right to ask either the victim or the police officer who interviewed her if the victim was a virgin prior to the rape.

First, we observe that Gaines failed to abstract the court's final letter ruling on this issue but merely listed in his brief the title, "Order," with a transcript page number. Directly below this listing is found an abstractor's note that:

> The court's pretrial ruling on August 18, 1992, that no testimony would be allowed at trial concerning the victim's prior sexual conduct, was inadvertently omitted from the appeal transcript. The court permitted the Appellant to supplement the record on appeal, in an Order dated (blank).

We usually do not consider arguments on appeal where the final order appealed from has not been properly abstracted by the appellant. Ark. R. Sup. Ct. 4-2. We will do so in this instance as we are able to glean the trial court's finding from the abstractor's note contained in Gaines' brief.

Our rape shield statute, Ark. Code Ann. § 16-42-101 (1987) reads in pertinent part:

> (a) As used in this section, unless the context otherwise requires, "sexual conduct" means deviate sexual activity, sexual contact, or sexual intercourse, as those terms are defined by § 5-14-101.

> (b) In any criminal prosecution under §§ 5-14-103 — 5-14-110, or for criminal attempt to commit, criminal solicitation to commit, or criminal conspiracy to commit an offense defined in any of those sections, opinion evi-

dence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.

(c) Notwithstanding the prohibition contained in subsection (b) of this section, evidence directly pertaining to the act upon which the prosecution is based or evidence of the victim's prior sexual conduct with the defendant or any other person may be admitted at the trial if the relevancy of the evidence is determined in the following manner:

(1) A written motion shall be filed by the defendant with the court at any time prior to the time the defense rests stating that the defendant has an offer of relevant evidence of the victim's prior sexual conduct and the purpose for which the evidence is believed relevant.

(2)(A) A hearing on the motion shall be held in camera no later than three (3) days before the trial is scheduled to begin, or at such later time as the court may for good cause permit.

(B) A written record shall be made of the in camera hearing and shall be furnished to the Arkansas Supreme Court on appeal.

(C) If, following the hearing, the court determines that the offered proof is relevant to a fact in issue, and that its probative value outweighs its inflammatory or prejudicial nature, the court shall make a written order stating what evidence, if any, may be introduced by the defendant and the nature of the questions to be permitted in accordance with the applicable rules of evidence.

. . . .

■■  Obviously, this statute is not a total bar to evidence of a victim's sexual conduct but instead makes its admissibility

discretionary with the trial judge pursuant to the procedures set out at Ark. Code Ann. § 16-42-101(c)(1-3) (1987). The trial court is vested with a great deal of discretion in ruling whether prior sexual conduct of a prosecuting witness is relevant, and we do not overturn its decision unless it was clearly erroneous. *Manees* v. *State*, 274 Ark. 69, 622 S.W.2d 166 (1981); *Houston* v. *State*, 266 Ark. 257, 582 S.W.2d 958 (1979). We have held that our rape shield statute is intended to protect victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt, *Flurry* v. *State*, 290 Ark. 417, 720 S.W.2d 699 (1986), and virginity is not relevant per se in a rape case. *Duncan* v. *State*, 263 Ark. 242, 565 S.W.2d 1 (1978). Likewise, evidence of prior consensual sexual conduct is inadmissible unless such prior sexual conduct took place with the accused and, if admitted, the testimony is allowed only to show that consent may have been given. *Eskew* v. *State*, 273 Ark. 490, 621 S.W.2d 220 (1981); *See Marion* v. *State*, 267 Ark. 345, 590 S.W.2d 288 (1979); *Houston* v. *State*, 266 Ark. 257, 582 S.W.2d 288 (1979).

On the other hand, we have reversed a court's refusal to allow the defense in a sexual abuse case to cross-examine the prosecutrix about her similar accusations against two other men. *West* v. *State*, 290 Ark. 329, 719 S.W.2d 684 (1986). *See State* v. *Mills*, 311 Ark. 363, 844 S.W.2d 324 (1992).

In considering these prior holdings, we cannot decide whether the evidence of the victim's prior conduct was admissible under the circumstances of this case because Gaines failed to proffer what the evidence would have been. If the offered proof is relevant to a fact in issue, and its probative value outweighs its inflammatory or prejudicial nature, the court may allow it to be introduced consistent with our rules of evidence. Ark. Code Ann. § 16-42-101(c)(2)(c) (1987). While the record contains a report from the North Little Rock Police Department in which the victim claimed she was a virgin before the rape, defense counsel nowhere proffered the testimony of the witnesses he proposed to have testify to impeach her. This is not a new requirement; on numerous occasions, where the defense sought to introduce evidence of a rape victim's prior sexual activity but no proffer of this evidence was made, we declined to consider the admissibility

issue of this evidence on appeal. *Duncan* v. *State*, 263 Ark. 242, 565 S.W.2d 1 (1978). *See Marcum* v. *State*, 299 Ark. 30, 771 S.W.2d 250 (1989); *Farrell* v. *State*, 269 Ark. 361, 601 S.W.2d 835 (1980); *Sterling* v. *State*, 267 Ark. 208, 590 S.W.2d 254 (1979); *Hill* v. *State*, 250 Ark. 812, 467 S.W.2d 179 (1971).

## CONFRONTATION CLAUSE

Gaines next argues that his sixth amendment right to confront witnesses against him was violated by not being allowed to cross-examine the victim or present testimony concerning the victim's prior sexual conduct for the purpose of impeaching her credibility.

■ A review of the record reveals that Gaines failed to make this argument below, either in pleadings filed with the court, at the pretrial hearings, or at trial. We do not consider issues raised for the first time on appeal. *Burns* v. *Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993); *Tisdale* v. *State*, 311 Ark. 220, 843 S.W.2d 803 (1992). Even constitutional issues will not be considered when raised for the first time on appeal. *Anderson* v. *Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992); *Smith* v. *City of Little Rock*, 305 Ark. 168, 806 S.W.2d 371 (1991); *Kittler* v. *State*, 304 Ark. 344, 802 S.W.2d 925 (1991).

■ Furthermore, we have repeatedly rejected arguments that our rape shield statute violence an accused's right to confront the witnesses against him and his right to due process of law. *Kemp* v. *State*, 270 Ark. 835, 606 S.W.2d 573 (1980). *See Marion* v. *State*, 267 Ark. 345, 590 S.W.2d 288 (1979) (an in camera hearing in a rape case held pursuant to [Ark. Code Ann. § 16-42-101(c)(2)(A) (1987)], for the purpose of determining the admissibility of evidence concerning the victim's prior sexual conduct, provides the accused with a full and fair opportunity to confront his accuser).

## REVOCATION OF SUSPENDED SENTENCE

Lastly, Gaines argues that the trial court erred in revoking his suspended sentences. Since the evidence presented during his trial on the rape charge was the same evidence the trial court considered in determining that his suspended sentences should be revoked and that by not allowing the testimony concerning the

victim's prior sexual conduct, the trial court was unable to consider all the testimony necessary to reach a fair decision in this regard.

■ Not only was the victim's prior sexual conduct completely irrelevant to the issue of the revocation of Gaines' suspended sentences on prior, unrelated charges, an examination of the order of conditions of Gaines' previous suspended sentence reveals that "not violat[ing] any law punishable by imprisonment" was an explicit condition to which Gaines agreed. Arkansas Code Ann. § 5-4-309(d) (1987) provides that if a court finds by a preponderance of the evidence that a criminal defendant on probation or a suspended sentence has inexcusably failed to comply with the conditions of his suspension or probation, it may revoke the suspension or probation.

■ Gaines' rape conviction required a finding of guilt "beyond a reasonable doubt," but revocation of his suspended sentences required a finding based upon only "a preponderance of the evidence." *Ellerson* v. *State*, 261 Ark. 525, 531, 549 S.W.2d 495 (1977). On appeal we do not reverse the trial judge's decision to revoke a suspended sentence unless it is clearly against the preponderance of the evidence. *Brandon* v. *State*, 300 Ark. 32, 776 S.W.2d 345 (1989); *Standridge* v. *State*, 290 Ark. 150, 717 S.W.2d 795 (1986); *Morgan* v. *State*, 267 Ark. 28, 588 S.W.2d 431 (1979). Based on the jury's finding of guilt, we hold that the judge's decision to revoke is supported by a preponderance of the evidence. *See Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988) (sufficient evidence to convict a probationer of other felonies was a clear violation of the "no crimes" condition of his probated sentence).

For all the foregoing reasons, we affirm.