John Henry MOSLEY *v.* STATE of Arkansas

CR 95-1345                                             929 S.W.2d 693

Supreme Court of Arkansas
Opinion delivered September 16, 1996

*Mark S. Cambiano*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. John Henry Mosley was charged with having committed the crimes of rape and incest against his nineteen-year-old daughter. The jurors heard evidence on both charges. They were instructed on the crime of incest, but were additionally instructed that they were to consider the charge of incest only if they had a reasonable doubt about Mosley being guilty of the crime of rape. The jury found Mosley guilty of rape. The trial court sentenced Mosley, a six-time offender, to forty years in prison. He raises eight points for reversal, none of which have merit.

Two of Mosley's arguments involve evidentiary rulings during the State's case-in-chief. In the first of these arguments Mosley contends that the trial court erred in allowing the prosecutrix to testify that, beginning when she was fifteen, Mosley on a number of occasions committed the crime of rape against her and that he threatened to kill her if she told of the assaults. He predicates his argument on Ark. R. Evid. 404(b), which provides:

> (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■■ It is settled that the list of exceptions set out above is exemplary and not exhaustive. *White* v. *State*, 290 Ark. 130, 140, 717 S.W.2d 784, 789 (1986). It is also settled that the rule permits introduction of testimony of other criminal activity if it is "independently relevant to the main issue — relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal — then evidence of that conduct may be admissible with a proper cautionary instruction by the court." *Id.* at 140, 717 S.W.2d at 789 (quoting *Price* v. *State*, 268 Ark. 535, 597 S.W.2d 598 (1980)). In *Free* v. *State*, 293 Ark. 65, 732 S.W.2d 452 (1987), in affirming a ruling allowing evidence of prior sexual abuse of the victim by the defendant, we wrote:

> [W]e will allow such testimony to show similar acts with the same child or other children in the same household when it is helpful in showing a "proclivity toward a specific act with a person or class of persons with whom the accused has an intimate relationship." . . . Such evidence helps in proving the depraved sexual instinct of the accused.

*Id.* at 71, 732 S.W.2d at 455 (citations omitted). *See also Young* v. *State,* 296 Ark. 394, 396-97, 757 S.W.2d 544, 546 (1988) (stating "in trials for incest or carnal abuse the State may show other acts of intercourse *between the same parties*") (emphasis in the original).

During the State's case-in-chief, the trial court additionally admitted proof that, eleven years earlier, Mosley pleaded guilty to the crime of carnal abuse of his six-year-old stepdaughter. Mosley initially contends that the trial court erred in allowing the evidence because it was not disclosed in a timely manner. *See* Ark. R. Crim. P. 17. The facts simply do not support Mosley's argument. The facts show that the information alleged Mosley was a habitual offender, and he was advised of this specific conviction early enough for him to file a motion *in limine* asking the trial court to exclude proof of it. In addition, at a pretrial hearing on the motion, his counsel admitted that the State had provided notice of this conviction "in a very timely manner." Under these facts, we have no hesitancy in holding that the trial court correctly ruled that notice of the conviction was given in a timely manner.

Mosley alternatively argues that the prior conviction was not relevant even though it involved his stepdaughter. *See Young* v. *State,* 296 Ark. 394, 757 S.W.2d 544 (1988). The trial court considered both the similarity of the prior conviction to the current charges of rape and incest and the parental relationship of Mosley with both of the victims and correctly applied Rule 404(b). In *Alford* v. *State,* 223 Ark. 330, 335, 266 S.W.2d 804, 807 (1954), we wrote that evidence of a prior similar offense in cases where the charge involves unnatural sexual acts shows not that the accused is a criminal but that he has a depraved sexual instinct. And in *Free* v. *State,* 293 Ark. 65, 732 S.W.2d 452 (1987), we approved allowing evidence of similar acts with the same or other children in the same household when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship.

Mosley next contends that the trial court erred in refusing to declare a mistrial. The facts leading to the argument are as follows. In addition to the case now on appeal, Mosley was a suspect in the murder of Pamela Felkins. At a pretrial hearing on this case, the State agreed that evidence related to the murder and its investigation was not relevant. At trial, Max Young, one of the officers who investigated this case, testified that a superior officer briefed him on the alleged rape in this case, and he, in turn, responded to the superior that he had a photograph of Mosley. Mosley moved for a mistrial on the ground that Young had testified about the murder investigation.

■■ A mistrial is an exceptional remedy to be used only where any possible prejudice cannot be removed by an admonition to the jury. *Free* v. *State*, 293 Ark. 73, 732 S.W.2d 452 (1987). The decision to grant a mistrial rests within the discretion of the trial judge, and it should be granted only when the prejudice is so manifest that the trial cannot in justice continue. *Novak* v. *State*, 287 Ark. 271, 277, 698 S.W.2d 499, 503, *reh'g denied* (1985). The standard of review on appeal is whether the trial court abused its discretion. *Free* v. *State, supra*. Here, the officer did not testify about the murder or the investigation of the murder, nor did he mention that Mosley was a suspect in the murder. Further, there is no overt nexus between the fact that the officer had somehow obtained a photograph of Mosley and the fact that Mosley was a suspect in a murder. In sum, Mosley has not shown that the trial court abused its discretion in the ruling.

■ We do not reach Mosley's remaining points for reversal because of various procedural bars. In one of those points he contends that he did not receive effective assistance of counsel. This issue was not raised in the trial court, and it may not be raised in a direct appeal until it has been considered below. *Sumlin* v. *State*, 319 Ark. 312, 891 S.W.2d 375 (1995).

■ Two of his remaining points for reversal involve the trial court's refusal to allow him to introduce three photographs of the prosecutrix and the trial court's refusal to allow him to question the prosecutrix about the photographs. Before trial, the State objected to introduction of the pictures. The trial court ruled that the photographs were not relevant and, further, that any value they might have would be outweighed by their prejudicial effect. Mosley has not supplied reproductions of the photographs with his abstract.

It might be possible to review the question of relevancy without copies of the pictures. *See Qualls* v. *State*, 306 Ark. 283, 812 S.W.2d 681 (1991). However, even if the pictures were relevant, an issue we do not decide, we are in no position to review the trial court's weighing of probative value against prejudice without viewing the pictures. *See Coney* v. *State*, 319 Ark. 709, 894 S.W.2d 583 (1995). Thus, we affirm this point under Ark. Sup. Ct. R. 4-2(a)(6) and (c).

▪ Mosley argues that the trial court erred in ruling that he could not question the victim about the pictures. However, he made no offer of proof about who took the pictures, when they were taken, why they were taken, where they had been kept, or how he obtained them, and the substance of the evidence the victim might have given about the pictures is not obvious. *See* Ark. R. Evid. 103(a)(2). Thus, we affirm on this point for failure to make an offer of proof. *See Boykin* v. *State*, 270 Ark. 284, 603 S.W.2d 911 (1980).

Mosley also argues that the trial court erred in excluding the testimony of Paul Wafford. It is argued that Wafford would have testified that at one time the prosecutrix had falsely accused him of rape. However, Mosley did not file a motion stating that he wished to offer this evidence at trial, and he did not make a timely offer of such evidence, even though it was governed by the Rape Shield Statute. *See* Ark. Code Ann. § 16-42-101(c)(2)(C) (Repl. 1994); *Lindsey* v. *State*, 319 Ark. 132, 890 S.W.2d 132 (1994); *Laughlin* v. *State*, 316 Ark. 489, 872 S.W.2d 848 (1994). Since Mosley did not file the motion, the State moved *in limine*, just before trial commenced, to bar Mosley from putting on Wafford's testimony about false sexual allegations. The State expressly asserted that the testimony was prohibited by the Rape Shield Statute, that Mosley had failed to file a written motion as required by the statute, and that no *in camera* hearing had been held. The trial court excluded the testimony. Mosley responded that he wished to make a proffer of Wafford's testimony, but the trial court stated that the jury was waiting and it wished to proceed with oral arguments. Mosley made a proffer after he rested his case.

▪ The argument is procedurally barred because Mosley did not file a motion as required by the Rape Shield Statute. He contends that his arguments made at the time the State presented its motion *in limine* were sufficient to comply with the Rape Shield Statute. We cannot agree. The crux of the State's argument was that

the testimony was barred because Mosley failed to file the required motion, and Mosley's principal response was that the testimony was not governed by the Rape Shield Statute. Consequently, the trial court did not timely hear a specific offer of the proposed evidence, did not make a relevancy determination of that proposed evidence, and did not weigh its probative value against prejudice. In *Sterling* v. *State*, 267 Ark. 208, 590 S.W.2d 254 (1979), we stated, "The purpose of such hearing is to review the evidence to determine whether it is relevant for trial purposes. Unless the court hears such evidence, it cannot properly determine its relevancy." *Id.* at 210, 590 S.W.2d at 255. Since he failed to timely make an offer of proof and since the trial court made no determination of relevancy, the matter is procedurally barred on appeal.

■ Mosley next contends that the trial court should have granted a new trial because of juror irregularity or, at the least, should have conducted "further inquiry" into juror irregularity. We do not reach the merits of either argument. First, Mosley did not move for a new trial. That issue was not raised in the trial court, and we do not consider it for the first time on appeal. *Bowen* v. *State*, 322 Ark. 483, 911 S.W.2d 555, *reh'g denied* (1996). The trial court did conduct an inquiry into alleged juror irregularity and found Mosley's witness was not credible. Mosley does not take issue with the questions asked by the trial court and does not take issue with the finding that his witness was not credible, but contends that the trial court should have made "further inquiry" into the matter. However, he did not ask the trial court to inquire further. An appellant cannot raise an issue for the first time on appeal. *Woods* v. *State*, 323 Ark. 605, 916 S.W.2d 728 (1996).

Affirmed.