## Johnny BRADLEY *v.* STATE of Arkansas

CR 95-895                                          937 S.W.2d 628

Supreme Court of Arkansas
Opinion delivered January 13, 1997

*Honey & Honey, P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Johnny Bradley was convicted of rape and sentenced to life imprisonment. He was charged with engaging in sexual intercourse with a person, not his spouse, less than fourteen years old. Ark. Code Ann. § 5-14-103(a)(3) (Repl. 1993). Mr. Bradley seeks reversal of his conviction on the ground

that hearsay testimony was erroneously admitted in evidence and that the rape shield statute, Ark. Code Ann. § 16-42-101 (Repl. 1994), was erroneously applied to exclude testimony he wished the jury to hear. We hold that the hearsay statement fell within the exception to the hearsay rule found in Ark. R. Evid. 803(3), and the rape shield statute was properly applied.

The victim was seven years old when she revealed to a friend that Mr. Bradley had been engaging her in various sexual acts. The revelation resulted in a physical examination and a physician's testimony that the victim's vagina was like that of a sexually active married woman. Mr. Bradley was living with the victim's aunt in whose home the victim frequently visited. The victim testified at the trial that Mr. Bradley had penetrated her vaginally, orally, and anally on many occasions.

### 1. The rape shield law

In a motion *in limine* the State anticipated an attempt by Mr. Bradley to introduce the testimony of a twelve-year-old cousin of the victim to the effect that he had engaged in sexual intercourse with the victim on several occasions, including during the last month in which Mr. Bradley was alleged to have engaged in sexual relations with her. The motion was taken under advisement.

After the State had presented the physician's testimony concerning the appearance that the victim had apparently engaged in a substantial amount of sexual activity, Mr. Bradley attempted to introduce testimony by the cousin about the cousin's sexual acts with the victim. Mr. Bradley argued that the evidence should be allowed to show one means by which the victim's physical condition, as described by the physician who examined her, could have developed. The evidence was rejected on the basis of § 16-42-101(b) which precludes the admission of evidence of specific instances of an alleged victim's prior sexual conduct in rape cases.

Mr. Bradley correctly argues that the rape shield statute is not an absolute bar to evidence such as that he proffered. In *Gaines v. State,* 313 Ark. 561 855 S.W.2d 956 (1993), we wrote, "Obviously, this statute is not a total bar to evidence of a victim's sexual conduct but instead makes its admissibility discretionary with the

trial judge pursuant to the procedures set out at . . . § 16-42-101(c)(1-3)."

Subsection (c) of the statute provides that evidence of a victim's prior sexual conduct may be admitted if its relevancy is determined in accordance with the provisions found in the subsequent subsections. Subsection (c)(1) requires a written motion to be made by the defendant wishing to present such evidence, and subsection (c)(2) provides for a subsequent hearing on the motion to be held *in camera*. If the evidence is to be admitted, the statute provides that the victim will be given an opportunity to consult with the prosecutor. Mr. Bradley did not file any such written motion, so the provisions of the statute were not invoked.

In *Mosley v. State,* 325 Ark. 469, 929 S.W.2d 693 (1996), the State moved *in limine* complaining, as here, that the defendant had failed to file a written motion to take advantage of § 16-42-101(c) and asking that evidence of prior sexual conduct by the alleged victim be excluded. On appeal, Mr. Mosley argued that the discussion of the evidence with the Trial Court prior to its decision not to admit the evidence was sufficient and that no motion by the defendant or further hearing was required. We held to the contrary and wrote:

> The crux of the State's argument was that the testimony was barred because Mosley failed to file the required motion, and Mosley's principal response was that the testimony was not governed by the Rape Shield Statute. Consequently, the trial court did not timely hear a specific offer of the proposed evidence, did not make a relevancy determination of that proposed evidence, and did not weigh its probative value against prejudice. In *Sterling v. State*, 267 Ark. 208, 590 S.W.2d 254 (1979), we stated, "The purpose of such hearing is to review the evidence to determine whether it is relevant for trial purposes. Unless the court hears such evidence, it cannot properly determine its relevancy." *Id.* at 210, 590 S.W.2d at 255. Since he failed to timely make an offer of proof and since the trial court made no determination of relevancy, the matter is procedurally barred on appeal.

In this case, we find the parties in the same posture as in the *Mosley* case. The victim's young cousin testified he had seen Mr. Bradley and the victim on the couch under a blanket and Mr.

Bradley was on top of the victim going up and down. When the cousin was called as a witness, the Trial Court ruled that "any testimony that he had sexual intercourse with this victim is covered under the rape shield law and it's not admissible." Prior to cross-examining the witness, defense counsel proffered further testimony by the witness that he had had sexual intercourse with the victim three or four times. Defense counsel argued its relevancy. The Trial Court merely reiterated that the evidence was precluded by the statute.

Subsection (c)(2)(A) of the statute provides that after a written motion seeking a relevancy hearing has been filed, "A hearing on the motion shall be held no later than three (3) days before the trial is scheduled to begin, or at such later time as the court may for good cause permit." As in the *Mosley* case, there is no showing that a motion to admit the evidence of the victim's prior sexual conduct was filed in writing, that the issue was timely raised, or that the Trial Court in any manner abused its discretion in not finding "good cause" to hold a relevancy hearing later than three days before the trial. Mr. Bradley is thus barred from obtaining relief on this point on appeal.

### 2. Hearsay

The State's evidence showed that, although the sexual abuse was alleged to have been going on for some time, the victim told no one about it until she mentioned it to a fourteen-year-old friend. The victim testified she had kept the matter to herself because she had been told by Mr. Bradley that she and he would "get into trouble" if anyone were told. The victim's friend testified that the victim told her about it after they had watched a television show about child abuse and that the victim was tearful and appeared to be afraid.

Mr. Bradley objected to testimony by the friend to the effect that the victim told her that Bradley had told the victim he would kill the victim if she told about the sexual acts. The State argued that the friend's testimony was admissible pursuant to Ark. R. Evid. 803(3). The rule provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

* * *

(3) Then existing mental, emotional, or physical condition. A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition, such as intent, plan, motive, design, mental feeling, pain, and bodily health, but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

The State argues the statement by the victim (declarant) that Mr. Bradley said he would kill her is offered to show the victim's mental feeling, *i.e.*, fear, and that was the reason she declined for a long time to tell anyone about the abuse she allegedly suffered. Counsel for Mr. Bradley argued to the Trial Court and now on appeal that the statement was simply inadmissible hearsay.

We have not often had an opportunity to consider Rule 803(3), and certainly we have not had before us facts such as the ones in this case. We are acutely aware of the vagaries inherent in the rule, especially when we have what at first blush might be said to be a hearsay-upon-hearsay situation, *i.e.*, "she said he said." We conclude the best analysis of these facts is through an analogy to extortion cases in which the rule has been examined.

When fear is the mental feeling or state of mind sought to be shown through an out-of-court statement, the statement is often evidence, as well, of an act by the defendant. It thus falls within the exception to the exception provided in the rule, *i.e.*, it is testimony of "memory to prove the fact remembered." The statement may thus be inadmissible hearsay if offered to prove the act but not if offered to prove the state of mind of, as in this case, the victim. That situation gave rise to a debate in *United States v. Kennedy*, 291 F.2d 457 (2d Cir. 1961), described as follows in 4 J. Weinstein and M. Berger, *Weinstein's Evidence*, p. 803-130 (1987):

[T]he majority of the court admitted statements which on analysis fall within the memory or belief proscription. In a prosecution for extortion, the charge was that defendants intimidated drivers and forced them to pay an unloading fee. The trial court

allowed drivers called as witnesses to testify to declarations made by other drivers not called as witnesses about threats defendants had made to them. The trial court and the majority of the appellate court held that these statements were properly admitted to show the victims' state of mind. Judge Friendly, who joined in the majority opinion because in context the error was harmless, argued that it was error to receive the statements even to prove the victim's state of mind, for his state of mind is irrelevant unless it springs from action by the defendant and the hearsay rule forbids the use of the informant's statement to show that this had occurred.

In other words, although the declarant is expressing "fear" rather than "memory or belief" his fear is really akin to remembering the prior conduct of defendant threatening him with harm. [Footnotes omitted.]

Judge Friendly wrote the opinion for the Court. He expressed the view of all three of the Judges that the evidence given by the victims of extortion about statements of their informants who were also present and testifying was admissible without question. The issue was whether the victims could testify about statements made to them by persons not present, and in some instances not even named. Judge Friendly's colleagues felt those statements were admissible pursuant to Rule 803(3), but he thought not.

In the case now before us, the State offered a statement of the declarant, who is the alleged victim of the crime, to prove the truth of the matter asserted, *i.e.*, the *fact* that Mr. Bradley uttered a statement that he would kill the victim. Perhaps all of the Judges in the *Kennedy* case would admit the evidence because the victim (declarant) was present and testifying.

The problem discussed in Judge Friendly's opinion remains, however. If the victim's statement about what Mr. Bradley said to her is true, it further tends to show that the victim was afraid to tell anyone about the abuse she allegedly suffered. We do not have quite the same problem as appeared in the *Kennedy* case. The threat to harm is an element of extortion. Standing alone, the threat to kill has nothing to do with the offense of rape as charged in this case.

■ Perhaps it could be said that proof of a statement that Mr. Bradley said he would kill the victim would tend to prove he engaged in sexual intercourse with her, given the context in which the testimony about his threat was given. Even so, the admissibility of an out-of-court statement should be within the discretion of the Trial Court despite its apparent inclusion within the "memory or belief" portion of Rule 803(3) when it is also proof of the declarant's state of mind. As is stated in C. Mueller and L. Kirkpatrick, *Modern Evidence*, § 8.37, pp. 1234-1235 (1995):

> Since the exception does not allow use of a statement to prove an act, event, or condition ("a fact remembered or believed"), fact-laden statements introduce more risk of prejudice than pure state-of-mind statements. The question of admissibility turns on weighing probative worth against dangers of jury misuse of a statement as proof of the act, event, or condition it describes. [Footnote omitted.]

■ In the circumstances of this case, we hold there was no abuse of discretion in admitting the statement.

### 3.   Rule 4-3(h)

The record of trial has been examined for error in rulings by the Trial Court which were adverse to Mr. Bradley. None have been found.

Affirmed.