# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-15-307

| | |
|---|---|
| | **Opinion Delivered** October 28, 2015 |
| RICHARD RANDAL KOURAKIS<br>APPELLANT | APPEAL FROM THE SHARP<br>COUNTY CIRCUIT COURT<br>[No. CR-2014-78] |
| V. | HONORABLE HAROLD S. ERWIN,<br>JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Richard Kourakis appeals his convictions by a Sharp County jury for possession of drug paraphernalia, possession of a controlled substance with the purpose to deliver, and simultaneous possession of drugs and firearms. He challenges the sufficiency of the evidence against him and the trial court's denial of his motion to suppress. We affirm on both issues.

On May 22, 2014, police responded to a report of an altercation between Richard and his son, Jason Kourakis. Jason told an officer that the altercation occurred because of his father's use of narcotics. He also told the officer that he had observed, in the past several months, Richard possess and ingest cannabis butter[1] at his home. The officer advised Jason that, because he had not seen any controlled substances in the home recently, they could not obtain a search warrant based upon his information. Jason agreed to meet the officer the next day to confirm that the narcotics were still in the home.

---

[1] Cannabis butter or pot butter is made by crushing the marijuana plant and extracting the THC.

The following morning, Jason went to Richard's house and, with Richard's knowledge and consent, Jason used his cell phone to record a video of Richard demonstrating how the cannabis butter was used. Jason told his father that he needed the video so that he could show it to potential buyers. Jason then took the video to the sheriff's department and played it for Detective Aaron Presser. Jason then completed an affidavit that was used to obtain a search warrant for Richard's home.

Later that day, officers conducted a search of Richard's home. The home contained two bedrooms and was approximately 1100 square feet. The officers seized 10.3 ounces of THC in the form of cannabis butter, drug paraphernalia in the form of smoking pipes with marijuana residue, numerous firearms, and ammunition.

At trial, Detective Jimmy Bennett testified that at least one pistol, located approximately fifteen steps away from the cannabis butter, was loaded.[2] Other guns, including shotguns and pistols located in Richard's house and vehicle, were either unloaded or evidence was never introduced that they were loaded. No ammunition was entered into evidence.

At trial Richard objected to introduction of Jason's cell-phone video.[3] He argued that it was made during a warrantless search of his home because Jason was acting as an agent of

---

[2] It is unclear from the testimony whether the other firearms were also loaded. Bennett testified "the pistols" were loaded, while the long guns were not. However, he provided specific testimony as to only one pistol found in the bedroom, identifying a photograph of ammunition as the ammunition taken from the chamber of that gun.

[3] The State failed to object to the motion as being untimely under Rule 16.2 of the Arkansas Rules of Criminal Procedure, and the court exercised its discretion, as allowed by the rule, to decide Richard's untimely motion on its merits. The State did not argue on

the police. The trial court disagreed and admitted the video. Richard also moved for a directed verdict as to the charge of simultaneous possession of drugs and firearms based upon the argument that there was insufficient evidence that any of the firearms were readily accessible for use. The trial court denied the motion.

In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Smoak v. State*, 2011 Ark. 529, at 2, 385 S.W.3d 257, 259. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.*, 385 S.W.3d at 259. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*, 385 S.W.3d at 259. In reviewing a trial court's decision on a motion to suppress evidence, we review factual determinations for clear error while reviewing legal conclusions de novo. *Davis v. State*, 351 Ark. 406, 412, 94 S.W.3d 892, 895 (2003).

Pursuant to Arkansas Code Annotated section 5-74-106, the State must prove that Richard possessed both a controlled substance and a firearm, and that there was a connection between the firearm and the controlled substance. *Stanton v. State*, 344 Ark. 589, 600–01, 42 S.W.3d 474, 481–82 (2001). The statute also provides that a defendant cannot be convicted based upon simultaneous possession within his own home if the firearm was not "readily accessible for use." Ark. Code Ann. § 5-74-106(d) (Supp.2015). Richard argues that, because this court has ruled that an unloaded weapon with no ammunition is not "readily accessible for use," *Rabb v. State*, 72 Ark. App. 396, 403, 39 S.W.3d 11, 16 (2001), there was

---

appeal that Richard was barred from raising this argument due to his failure to file a timely motion.

insufficient evidence to support his conviction where the ammunition found at the scene was never introduced into evidence. This argument fails because there is no requirement that the ammunition be introduced into evidence. Detective Bennett testified that a pistol found in the bedroom was loaded, and the State introduced a photograph of ammunition that Bennett testified was taken from the chamber of that pistol. Therefore, there was substantial evidence that at least one gun in the house was "readily accessible for use."

We also affirm the trial court's decision to admit the cell-phone video into evidence. Richard argues that the video was the result of an illegal search of his home because Jason was acting as an agent of the police when he took the video. A search by a private citizen only raises Fourth Amendment concerns if the person conducting the search acts at the request or direction of the government or is engaged in a joint endeavor with the government. *Winters v. State*, 301 Ark. 127, 131, 782 S.W.2d 566, 568 (1990). Richard's argument fails for two reasons. First, Richard invited Jason into his home and was aware that he was being recorded, therefore waiving any Fourth Amendment protection. Richard had no reasonable expectation of privacy when he voluntarily allowed another person to view and record the controlled substances. As the State correctly argues, this situation is akin to that in which a defendant sells drugs to a confidential informant or undercover officer. *See Rhoades v. State*, 270 Ark. 962, 964–65, 607 S.W.2d 76, 78 (1980); *Sherman v. State*, 2009 Ark. 275, at 6, 308 S.W.3d 614, 617.

Second, Jason's actions did not implicate Fourth Amendment protection because he was not acting at the direction or request of police. Jason testified inconsistently, stating both that he did what "they" (the police) asked him to do and also testifying that no one ever told

him to go to Richard's house and make the video. While it is clear that the officer advised Jason that the police could not obtain a search warrant based solely upon Jason's initial disclosure about Richard's possession of narcotics and that Jason was motivated to make the video in order to assist officers in obtaining a search warrant, we have previously held that a private citizen's desire to assist law enforcement does not convert him into a government agent for the purposes of Fourth Amendment analysis. *Morrow v. State*, 73 Ark. App. 32, 34–36, 41 S.W.3d 819, 820–22 (2001). Although Jason's testimony was inconsistent, his assertion that the police never instructed him to return to the home and make the video was corroborated by the testimony of Detective Presser.

Richard's argument that the evidence obtained during the search must be excluded because the search warrant was based upon Jason's cell-phone video is therefore meritless. We have already determined that the video was not illegally obtained. If the video itself was properly admitted, there is no basis for excluding the evidence obtained in the subsequent search. Second, Richard never raised this objection at trial, so it was not preserved for appellate review. *Leach v. State*, 2012 Ark. 179, at 16, 402 S.W.3d 517, 528.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*R. T. Starken*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.