# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–633

| | |
|---|---|
| CYNTHIA MARIE GLENNON | **Opinion Delivered** January 20, 2016 |
| APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR–13–523] |
| V. | |
| STATE OF ARKANSAS | HONORABLE GARY COTTRELL, JUDGE |
| APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Cynthia Marie Glennon appeals from the revocation of her probationary sentence after the State alleged that Glennon had committed a new offense of a domestic battery class d felony. She challenges the sufficiency of the evidence to support the trial court's findings that she committed the battery as alleged and argues that there was no proof that her failure to pay was willful. We affirm.

On July 18, 2014, in Crawford County Circuit Court, Glennon pled guilty to the offense of domestic battery in the third degree second offense, a Class D felony. She was sentenced to six years' probation and was ordered to abide by the rules and regulations set out by that office, which included paying a $35 monthly probation fee. She was also ordered to pay a $250 DNA fee, payable at a rate of $65 per month. The court ordered Glennon to complete anger–management and alcohol treatment.

SLIP OPINION

On March 3, 2015, the State petitioned to revoke Glennon's probation, alleging that she had committed the new offense of domestic battery and had failed to keep up with her probation payments. After a hearing on the revocation petition, the trial court revoked Glennon's probation and sentenced her to thirty days in the county jail, 72 months' probation, and ordered her to pay her remaining balance of $130. This timely appeal follows.

A trial court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2015). This court will not reverse the circuit court's decision to revoke unless it is clearly against the preponderance of the evidence. *Owens v. State*, 2009 Ark. App. 876, at 6, 372 S.W.3d 415, 419. Furthermore, because the State's burden of proof is less in a revocation hearing than in a criminal trial, evidence that might be insufficient to sustain a criminal conviction may nevertheless be sufficient to sustain a revocation. *Foster v. State*, 104 Ark. App. 108, 289 S.W.3d 476 (2008). Because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial court's superior position. *Rhoades v. State*, 2010 Ark. App. 730, at 3, 379 S.W.3d 659, 661. The State need only show that the appellant committed one violation in order to sustain a revocation. *Id.*

Pursuant to Arkansas Code Annotated section 5-26-305(a)(1)&(2), a person commits domestic battering in the third degree if it is with the purpose of causing physical injury to a family or household member or if the person recklessly causes physical injury to a family or

household member. Second-offense status, making the crime a Class D felony, is reserved for defendants who have been previously convicted of third-degree domestic battering at least once within the previous five years. Ark. Code Ann. § 5-26-305(b)(2)(B) (Supp. 2015).

Where the alleged violation involves the failure to pay ordered amounts, and the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Truitt v. State*, 2015 Ark. App. 276. It is the probationer's obligation to justify his or her failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. *Id*. The State, however, shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable. *Id*.

At the April 15, 2015 revocation hearing, Robert Thomas testified that on February 19, 2015, his then live-in girlfriend, Glennon, assaulted him. He reported the incident to the Van Buren Police, and photographs of the injuries were admitted into evidence without objection. He described the injuries to his arms, hands, neck, and cheek that she had caused. Thomas testified that he "vaguely" remembered the reason Glennon attacked him, and that it "mighta' been about" his desire to go to sleep.

Lisa Whetstine, the restitution coordinator, testified that Glennon had not paid her probation fee as ordered. Glennon made only five payments totaling $160. A copy of the circuit court ledger was introduced into evidence with no objection. It reflected two payments made on September 11, 2014 ($45 and $20); one on November 6, 2014 ($45); one on January 2, 2015 ($40); and one on February 19, 2015 ($10).

Glennon testified in her own defense. She stated that her two children have disabilities, and she lives off of the child-support and disability checks she receives on behalf of her children. Glennon alleged that Thomas was a drug addict and had crawled into her apartment window while drunk and had threatened to kill her. She said she felt threatened, so she called 911. Glennon admitted that she had failed to make all her payments, but testified that she had done the best she could while remaining unemployed since April 2014 and living on a very limited income.

Following all the testimony, the circuit court revoked Glennon's probation. The court explicitly based its ruling on its finding that Thomas's testimony was credible, and Glennon's lacked credibility. The court also noted that based upon the exhibits, there appeared to be a severe bite mark and other injuries to Thomas.

Glennon did not contest below and does not contest now that Thomas, her ex-boyfriend, was a "household member" within the meaning of the statute and that she had previously been convicted of third-degree domestic battering at least once in the previous five years. Thomas's injuries met the definition of "bruising, swelling, or a visible mark associated with physical trauma" as defined by statute. *See* Ark. Code Ann. § 5-1-102(14)(C) (Repl. 2013). The trial court's finding that Thomas's testimony that Glennon attacked him was sufficient to show that she caused the injuries recklessly or purposefully is not clearly against the preponderance of the evidence.

Glennon's argument that Thomas was an incompetent witness fails. That he could not remember the exact nature of the dispute does not render him an incompetent witness. As

SLIP OPINION

the State correctly contends, the argument substitutes Glennon's assessment of Thomas's credibility for the circuit court's, which is contrary to the standard of review. *Rhoades, supra.* Here, the trial court's findings that Glennon committed domestic battery are not clearly against the preponderance of the evidence.

The State's evidence of nonpayment included Lisa Whetstine's testimony and the admission of Glennon's payment ledger. The circuit court, as a trier of fact, was entitled to assess Glennon's explanations for her failure to pay and conclude that her nonpayment was not excusable. We defer to the trial court here, and its findings are not clearly against the preponderance of the evidence. Thus, we affirm the revocation of Glennon's probation.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.