

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–15–608

| | |
|---|---|
| KAREEM MUHAMMAD<br>**APPELLANT**<br><br>V.<br><br><br>STATE OF ARKANSAS<br>**APPELLEE** | **Opinion Delivered** May 25, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CR2013-2411]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Kareem Muhammad was convicted of one count of robbery and one count of theft of property following a bench trial. Because Muhammad had nine previous convictions, he was sentenced as a habitual offender and received twelve years in the Arkansas Department of Correction. On appeal, Muhammad raises three arguments: (1) the evidence was insufficient to support his conviction for robbery; (2) in conjunction with that argument, Arkansas's standard of review in criminal cases is unconstitutional and inconsistent with *Jackson v. Virginia*, 443 U.S. 307 (1975); and (3) Arkansas's habitual-offender sentencing statutes are unconstitutional. We find no error and affirm.



### I. *Standard of Review*

As part of his challenge to the sufficiency of the evidence in this case, Muhammad challenges the constitutionality of our appellate courts' standard of review. Muhammad correctly states that Arkansas's well-settled standard of review requires an appellate court to view the evidence in the light most favorable to the appellee and affirm if substantial evidence supports a conviction. For purposes of this opinion, we will refer to the Arkansas standard as the "substantial evidence" test. Muhammad contends that this standard violates the constitutional framework established by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). In *Jackson*, the United States Supreme Court held that a state criminal conviction could be successfully challenged in a federal habeas proceeding "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324. For purposes of this opinion, we will refer to the *Jackson* standard as the "rational trier of fact" test.

Muhammad's challenge to the "substantial evidence" test is without merit. Our supreme court has repeatedly rejected this very argument. In *Jones v. State*, 269 Ark. 119, 598 S.W.2d 748 (1980), the supreme court explicitly held that the language in *Jackson* did not require abandonment of the "substantial evidence" test. *Jones*, 269 Ark. at 120, 598 S.W.2d at 749. This decision was subsequently reaffirmed in *Hale v. State*, 343 Ark. 62, 74–75, 31 S.W.3d 850, 858 (2000) (declining to adopt *Jackson*'s "rational trier of fact" test as the appropriate standard of review when there is a challenge to the sufficiency of the evidence).



More recently, in *Williams v. State*, 351 Ark. 215, 91 S.W.3d 54 (2002), the supreme court

again rejected the argument and pointed out that

> [the] substantial-evidence test, while not explicitly reciting the standard from *Jackson* word for word, requires that evidence supporting a conviction must compel reasonable minds to a conclusion and force or induce the mind to pass beyond suspicion or conjecture, and, thereby, ensures that the evidence was convincing to a point that any rational fact-finder could have found guilt beyond a reasonable doubt.

351 Ark. at 227, 91 S.W.3d at 61 (internal citations omitted). Thus, the argument that

Muhammad puts forth in his brief has been repeatedly and soundly rejected by our supreme

court, and we are bound to follow that court's decisions. *See Earl v. State*, 2010 Ark. App. 186

(rejecting a *Jackson*-based argument for that reason).

We therefore apply our well-settled standard of review to this case. In reviewing a

challenge to the sufficiency of the evidence, this court determines whether the verdict is

supported by substantial evidence, direct or circumstantial. *Kourakis v. State*, 2015 Ark. App.

612, 474 S.W.3d 536. We have defined substantial evidence as evidence that is forceful

enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* This

court views the evidence in the light most favorable to the verdict, and only evidence

supporting the verdict will be considered. *Id.*

## II.  *Sufficiency of the Evidence*

Having established the standards by which we review this case, we turn to the merits

of Muhammad's appeal. As noted above, Muhammad was charged with robbery. A person

commits robbery if, with the purpose of committing a felony or misdemeanor theft, the

person employs or threatens to immediately employ physical force upon another person. Ark.

SLIP OPINION

Code Ann. § 5-12-102(a) (Repl. 2015). "Physical force" means any bodily impact, restraint, or confinement, or the threat thereof. Ark. Code Ann. § 5-12-101(1)–(2). Muhammad was also convicted of theft of property. In his brief, however, he concedes that there was sufficient evidence to support the theft-of-property conviction; therefore, we need only consider the evidence introduced in support of the robbery conviction.

Utilizing our standard of review, we find the evidence sufficient to support Muhammad's conviction for robbery. The evidence introduced at trial showed the following. During early morning hours, Desi Jones, who was sixteen years old at the time, was standing in the parking lot of his apartment complex and talking on his iPhone. Muhammad pulled up to him in a car and asked if he could use Jones's phone. When Jones refused, Muhammad punched him in the face, took the phone, and drove away. Using his mother's iPad, Jones and his mother were able to track the location of the iPhone. Little Rock police were called to that location. When Muhammad answered the door, Jones positively identified him as the man who had taken his phone. Muhammad handed the phone over to the officers, and he was arrested. We conclude that Muhammad's act of punching Jones in the face and taking the phone constitutes substantial evidence to support a conviction for robbery. *See Parker v. State*, 258 Ark. 880, 529 S.W.2d 860 (1975) (evidence that defendant hit victim in the face while stealing her purse supported robbery conviction); *Baldwin v. State*, 48 Ark. App. 181, 892 S.W.2d 534 (1995) (jerking victim's hand from car horn during carjacking sufficient to support robbery conviction).

 

Muhammad nonetheless points to his own testimony that he simply borrowed the phone from Jones and forgot that he had it. He also asserts that there was no physical evidence, such as bruising or scratching, to indicate that he hit Jones. These arguments, however, substitute Muhammad's assessment of Jones's credibility for the circuit court's, which is contrary to our standard of review. *See Glennon v. State*, 2016 Ark. App. 25, at 5, 480 S.W.3d 894, 897. It is the responsibility of the trier of fact to make credibility determinations based on the evidence. *Wilson v. State*, 2016 Ark. App. 218, ___ S.W.3d ___. The circuit court, as finder of fact, is free to believe the testimony of the State's witnesses as opposed to a defendant's self-serving testimony. *Hale v. State*, 2009 Ark. App. 308. Here, the circuit court chose to believe the testimony of Jones and not that of Muhammad. We therefore affirm Muhammad's robbery conviction.

### III.  *Sentencing as a Habitual Offender*

Muhammad's second argument on appeal pertains to his sentencing as a habitual offender. Muhammad was charged as a habitual offender. Knowing this, Muhammad waived his right to a jury trial and asked the circuit court to both determine his guilt and set his punishment. After the bench trial, the circuit court held a separate sentencing hearing. At the beginning of that hearing, the State introduced evidence of Muhammad's nine prior convictions. Although Muhammad asked the court to consider probation or a suspended imposition of sentence, the circuit court found that the previous convictions precluded such a sentence.  *See* Ark. Code Ann. § 5-4-301(a)(2) ("If it is determined pursuant to § 5-4-502

SLIP OPINION

that a defendant has previously been convicted of two (2) or more felonies, the court shall not . . . [s]uspend imposition of sentence; or . . . [p]lace the defendant on probation.").

On appeal, Muhammad argues that Arkansas's habitual-offender statute violates the separation-of-powers clause in the Arkansas Constitution. He failed to raise this argument in the circuit court, however, and it is therefore not preserved for appellate review. It is well settled that we will not consider arguments, even constitutional ones, that are raised for the first time on appeal. *Laymon v. State*, 2015 Ark. 485, at 5, 478 S.W.3d 203, 206. Accordingly, we do not address this argument.

Affirmed.

VIRDEN and BROWN, JJ., agree.

*David O. Bowden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.