Cite as 2021 Ark. App. 90

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–20–129

| | | |
|---|---|---|
| JONATHAN WELBORN | **APPELLANT** | **Opinion Delivered:** February 24, 2021 |
| V. | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-17-574] |
| STATE OF ARKANSAS | **APPELLEE** | HONORABLE GRISHAM PHILLIPS, JUDGE |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## MIKE MURPHY, Judge

Appellant Jonathan Welborn appeals his conviction by a Saline County jury of two counts of negligent homicide and two counts of endangering the welfare of a minor stemming from the death of his two children. Welborn was sentenced to a total of fifty-two years' imprisonment in the Arkansas Department of Correction.

At trial, the State put on evidence that Welborn smoked methamphetamine, then got into his truck with his two children. The children, ages two years and six months, were in their car seats. Welborn reversed the truck and accelerated rapidly down a long driveway, accidentally going into a pond. Instead of calling for help, however, Welborn went back up the hill to the house, spent some time inside talking to his girlfriend and the people there, and then after some time, he went outside and pretended the truck must have been stolen.

One witness testified that, by the time he got down to the water, the top of the pond appeared undisturbed. By the time the children were found, they had drowned.

Welborn testified in his own defense. He admitted that he had been high on meth when he drove the truck into the pond and that he did not immediately call for help. The jury convicted Welborn, and Welborn appealed.

In this no-merit appeal, Welborn's appellate attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k)(1) (2020), seeking to withdraw as counsel on the basis that there is no merit to an appeal. The clerk of this court served Welborn with a copy of his counsel's brief and notified him of his right to file pro se points for reversal. Welborn has not filed any points.

Having reviewed the record, we hold that appellant's counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(k). Therefore, we order rebriefing and deny without prejudice counsel's motion to withdraw.

Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each adverse ruling is not a meritorious ground for reversal." The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the

2

requirements of Rule 4-3(k)(1), and rebriefing will be required. *Jester v. State*, 2018 Ark. App. 360, 553 S.W.3d 198.

Our review of this record demonstrates that counsel failed to address an adverse ruling related to a competency finding early in the proceedings. At a pretrial hearing, the court made the explicit finding on the record that Welborn was fit to stand trial. Because this is a ruling adverse to the defendant, counsel was obligated to discuss why it was not a meritorious ground for reversal on appeal. Accordingly, rebriefing is required. *See, e.g.*, *Pettigrew v. State*, 2019 Ark. App. 336.

Rebriefing is additionally required for a point that this court would like counsel to develop more fully. Prior to trial, Welborn filed the following pro se motion:

Motion For Dismissal

Comes now before this Honorable Court Jonathan Welborn asking that Circuit Court Case No 63CR-17-574 be dismissed on the grounds of a violation involving AR Constitution 2-8 (Criminal Charges–self incrimination–Double Jeopardy–Bail–Due process), AR Constitution 2-9 (Excessive bail or punishment prohibited). Also, motion of dismissal is constituted by grounds regarding 16-89–113 (Acquittal upon certain insufficient evidence) and 16-89-121 (Facts charged do not constitute offense).

Counsel included the court's reasoning for denying the pro se motion and then stated that "[a]ppellate counsel has researched the issues raised in Appellant's pro se motion, compared that research to the trial court's rulings, and can find no basis for reversal of the convictions." Counsel's explanation does not adequately address the adverse ruling in the manner and degree that would fulfill the letter and spirit of an *Anders* brief.

The deficiencies we have identified should not be considered exhaustive, and counsel is encouraged to review *Anders* and Rule 4-3(k) regarding the requirements of a no-merit

3

brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4–2(b)(3). After counsel has filed the substituted brief, our clerk will attempt to forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4–3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

HARRISON, C.J., and WHITEAKER, J., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

One brief only.