Cite as 2021 Ark. App. 383

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-20-129

|  |  |
|---|---|
| JONATHAN DANIEL WELBORN<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered** October 6, 2021<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-17-574]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## MIKE MURPHY, Judge

This no-merit appeal returns to us after we ordered rebriefing in *Welborn v. State*, 2021 Ark. App. 90. Appellant Jonathan Welborn appeals the verdicts of a Saline County jury sentencing him to a total of fifty-two years' imprisonment in the Arkansas Department of Correction for charges stemming from the deaths of his two children. Welborn was found guilty of two counts of negligent homicide and two counts of endangering the welfare of a minor. Welborn's counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k), contending that there are no issues of arguable merit to raise on appeal. Counsel has submitted a brief in which he contends that all adverse rulings have been discussed. Welborn filed pro se points for reversal, and the State filed a responsive brief. The briefing deficiencies have been corrected by counsel, and we agree with Welborn's counsel that there are no issues of arguable merit. We affirm and grant counsel's motion to withdraw.

As we wrote in the first opinion,

> At trial, the State put on evidence that Welborn smoked methamphetamine, then got into his truck with his two children. The children, ages two years and six months, were in their car seats. Welborn reversed the truck and accelerated rapidly down a long driveway, accidentally going into a pond. Instead of calling for help, however, Welborn went back up the hill to the house, spent some time inside talking to his girlfriend and the people there, and then after some time, he went outside and pretended the truck must have been stolen. One witness testified that, by the time he got down to the water, the top of the pond appeared undisturbed. By the time the children were found, they had drowned.

> Welborn testified in his own defense. He admitted that he had been high on meth when he drove the truck into the pond and that he did not immediately call for help. The jury convicted Welborn, and Welborn appealed.

*Welborn*, 2021 Ark. App. 90, at 1–2.

In a no-merit brief, counsel is required to list each ruling adverse to the defendant and explain why it does not present a meritorious ground for reversal. *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). After a full examination of the proceedings, we are required to determine whether an appeal would be wholly frivolous. *Tennant v. State*, 2014 Ark. App. 403, at 2, 439 S.W.3d 61, 63. The reasons why any appeal from this case would be wholly frivolous are explained below.

First, there is no merit to a challenge to the sufficiency of the evidence on any of the charges. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Kourakis v. State*, 2015 Ark. App. 612, 474 S.W.3d 536. Substantial evidence is evidence that is forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* Welborn was convicted of two

2

counts of negligent homicide and two counts of endangering a minor—two of each count for his two drowned children.

A person commits the offense of negligent homicide if he negligently causes the death of another person, not constituting murder or manslaughter, as a result of operating a vehicle while intoxicated. Ark. Code Ann. § 5-10-105(a)(1) (Repl. 2013). A person is intoxicated for purposes of this statute if he constitutes a clear and substantial danger of physical harm or death to himself or others because he ingested a controlled substance and was influenced or affected by it to such a degree that his reactions, motor skills, and judgment were substantially altered. Ark. Code Ann. § 5-10-105(c)(2). A person commits the offense of endangering the welfare of a minor if he engages in conduct that creates a substantial risk of death or serious physical injury to a minor under his custody or supervision. Ark. Code Ann. § 5-27-205 (Supp. 2021). Here, there was testimony at trial that Welborn was high on methamphetamine when he backed his truck into a pond, drowning his young children. This satisfies the sufficiency of the evidence for negligent homicide and endangering the welfare of a minor.

Next, appellate counsel discusses the following evidentiary and procedural rulings: an objection by the defense to an officer who offered an opinion about whether the appellant was under the influence of drugs or alcohol; an objection by the defense to testimony by the children's mother that she would not have left the children with Welborn had she known he was intoxicated; two relevancy objections by the State during examination of the mother; one objection by the State to an argumentative question; and finally, an improper impeachment objection by the State.

Circuit courts have broad discretion in deciding evidentiary issues, and their rulings are not reversed on appeal absent an abuse of discretion. *Fletcher v. State*, 2018 Ark. 261, at 7–8, 555 S.W.3d 858, 862–63. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.* After review, we agree with counsel that none of the above evidentiary or procedural rulings constitute reversible error.

Nor would there be any merit to an appeal based on the adverse pretrial rulings. There were three: a finding by the court that Welborn was competent to stand trial, a pro se motion by the appellant styled as a "Motion to Dismiss"; and a pro se motion filed by the appellant for a bond reduction.

On September 27, 2017, Welborn filed a petition for a criminal-responsibility examination and a notice of intent to rely on the defense of mental disease or defect. A criminal defendant is presumed to be competent and has the burden of proving his or her incompetence. *Ware v. State*, 348 Ark. 181, 75 S.W.3d 165 (2002). At a pretrial-hearing discussion about the fitness issue, Welborn asserted that his fitness report came back as competent to stand trial and that he would not contest any competency findings. The court found him competent. This was not error.

On July 1, 2019, the appellant filed two pro se motions. These were denied prior to trial. The first was a "Motion for Bond Reduction" and the other was styled as a "Motion to Dismiss." Neither motion provided argument or allegations sufficiently developed to preserve any issues stemming therefrom on appeal. *Raymond v. State*, 354 Ark. 157, 158,

4

118 S.W.3d 567, 568 (2003); *see also Griffin v. State*, 2017 Ark. App. 400, at 4 (discussing mootness of pretrial bond issues when convictions are affirmed on appeal).

Finally, Welborn argues to this court in his pro se points for reversal that "prosecutorial bias" resulted in an excessive sentence. He explains that the prosecutor used a white board to list Welborn's sentences for the jury, which resulted in an excessive sentence. This argument was not presented to the circuit court and is not preserved for review. A contemporaneous objection is required to preserve a challenge to a sentence in a criminal trial, and we will not consider such a challenge for the first time on appeal. *E.g.*, *Anderson v. State*, 353 Ark. 384, 395, 108 S.W.3d 592, 599 (2003) ("The defense attorney did not object to the prosecutor's comments at the time, and a contemporaneous objection is generally required to preserve an issue for appeal, even a constitutional issue.").

Affirmed; motion to withdraw granted.

GLADWIN and BROWN, JJ., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.