Cite as 2024 Ark. App. 400

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-24-81

|  |  |  |
|---|---|---|
| CALVIN HART | | Opinion Delivered September 4, 2024 |
| | APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-22-59] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE SPENCER G. SINGLETON, JUDGE |
| | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BART F. VIRDEN, Judge**

This is a no-merit appeal following Calvin Hart's convictions in the Union County Circuit Court. Hart's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2023), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit on appeal. Under *Anders*, counsel seeking to withdraw from representation must satisfy this court that he or she has thoroughly reviewed the record for appealable issues and explain why any potential issue is frivolous for appellate purposes.

When counsel submits an *Anders* brief, this court's review is twofold. We ask whether counsel adequately fulfilled the requirements and whether an independent review of the record presents any nonfrivolous issues. *Walton v. State*, 94 Ark. App. 229, 231, 228 S.W.3d

524, 526 (2006). The clerk of this court served Hart with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal. He has not done so. We affirm the revocation and grant counsel's motion to withdraw.

I. *Relevant Facts*

On September 26, 2023, Hart was charged with simultaneous possession of drugs and a firearm, Ark. Code Ann. section 5-74-106 (Repl. 2016); possession of methamphetamine (more than two grams but less than ten) with purpose to deliver, Ark. Code Ann. section 5-64-420 (Supp. 2021) (Supp. 2023); possession of a firearm by certain persons, Ark. Code Ann. section 5-73-103 (Supp. 2023); possession of a Schedule I/II controlled substance (oxycodone) with the purpose to deliver, Ark. Code Ann. section 5-64-434 (Repl. 2016); possession of Schedule VI controlled substance (marijuana, more than four ounces but less than twenty-five pounds) with purpose to deliver, Ark. Code Ann. § 5-64-436 (Repl. 2016); maintaining a drug premises, Ark. Code Ann. § 5-64-402 (Repl. 2016); and possession of drug paraphernalia, Ark. Code Ann. § 5-64-443 (Supp. 2023). Hart was charged as a habitual offender with less than four felony convictions.

At the jury trial, the following evidence was adduced. On December 1, 2021, pursuant to a search warrant, drug task force agents found marijuana, oxycodone, methamphetamine, scales, baggies, several smoking devices with brown residue, a .38 revolver, ammunition, and a drug ledger inside Hart's home. An agent used a pill-identifying phone app to ascertain that the pills were oxycodone, and the agents were trained to identify marijuana. Ashley Malone, who previously had been charged with possession of methamphetamine and

2

paraphernalia in another county, was inside the home at the time of the seizure of evidence, but there were no clothes or personal items of Malone's inside the home. Several pieces of mail bearing Hart's name and the address being searched were found inside the home. The suspected methamphetamine was seized and sent to the Arkansas State Crime Laboratory (ASCL). A sample of the white crystalline substance weighing 3.4696 grams (0.12 ounces) was identified as methamphetamine. The leafy plant substance seized at the home had a net weight of 448.9 grams (15.8 ounces) and was not identified by chemical analysis. Possession of four ounces or more but less than twenty-five pounds by aggregate weight, including an adulterant or diluent, is a Class C felony.

Hart's counsel moved for a directed verdict, arguing that the State had not established that Hart possessed any controlled substances. Specifically, counsel argued that Ashley Malone could have possessed the methamphetamine, and the State did not present evidence that Hart had the purpose to deliver. Counsel further argued that the State did not establish that Hart knowingly possessed a firearm, and the State did not prove that the firearm was operational. Counsel contended that the field identification of the pills found inside Hart's residence through an app was insufficient to establish that the pills were oxycodone. Counsel also argued that the field identification of the leafy green substance as marijuana was insufficient to prove that it was marijuana. Regarding the charge of maintaining a drug premises, counsel asserted that only one other person was inside the home, and there was no evidence of multiple people entering and leaving the residence. Counsel argued that the digital scale could not be connected to the controlled substances found inside the home

because the large amount of marijuana would take "days" to measure on the small scale, and "there was a small amount of meth and . . . two pills." The circuit court granted the motion regarding the possession of oxycodone and denied the motion as to the other charges. The defense called Hart's son, Calvin Hart, Jr., who testified that as a truck driver, he is prohibited from carrying a gun while he is working, and he left his gun at his father's house for safekeeping until he returned. Hart knew that his son had left the gun at his home. During discussion of the jury instructions, counsel renewed the motion for a directed verdict, which was again denied.

The jury found Hart guilty of simultaneous possession of drugs and firearms, possession of methamphetamine,[1] possession of marijuana with the purpose to deliver, maintaining a drug premises, and possession of drug paraphernalia. After the initial verdict was read, the State presented evidence of Hart's former felony convictions, and the jury returned a guilty verdict of possession of firearms by certain persons. Hart was sentenced to one year for possession of firearms by certain persons and possession of drug paraphernalia; three years' imprisonment for possession of methamphetamine, possession of marijuana with intent to deliver, and maintaining a drug premises; and ten years' imprisonment for simultaneous possession of drugs and firearms, to be served concurrently.

Hart's timely no-merit appeal is before us.

---

[1]The jury did not find that the State proved Hart had the intent to deliver methamphetamine.

4

II. *Discussion*

A. Sufficiency of the Evidence

Counsel has demonstrated there is no nonfrivolous argument that could serve as the basis for an appeal regarding the sufficiency of the State's evidence against Hart. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Kourakis v. State*, 2015 Ark. App. 612, 474 S.W.3d 536. Substantial evidence is evidence that is forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* This court views the evidence in the light most favorable to the verdict; only evidence supporting the verdict will be considered. *Id.*

1. *Possession of controlled substance, methamphetamine*

Arkansas Code Annotated section 5-64-419 provides that it is a Class C felony for a person to possess methamphetamine weighing more than two grams but less than ten grams. Counsel explains that the State presented evidence that the ASCL forensic chemist tested a sample of the white crystalline substance found in Hart's home and identified it as methamphetamine with a net weight of 3.4696 grams; thus, we agree that an appeal based on the sufficiency of the evidence supporting Hart's conviction for possession of a controlled substance would be frivolous.

2. *Possession of drug paraphernalia*

Arkansas Code Annotated section 5-64-443 provides that a person is guilty of possessing drug paraphernalia if

(a) A person who possesses drug paraphernalia with the purpose to use the drug paraphernalia to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance or to store, contain, conceal, or weigh a controlled substance in violation of this chapter upon conviction is guilty of:

. . . .

(2) A Class D felony if the:

(A) Controlled substance is methamphetamine, heroin, fentanyl, or cocaine; and

(B) Person has been previously convicted of a violation of this chapter.

Counsel contends there was testimony that a digital scale; over three grams of methamphetamine; and several smoking devices, one containing brown residue indicating methamphetamine use, were found in Hart's home. Additionally, evidence of Hart's former conviction under this chapter was introduced into evidence. A person's intent or state of mind is rarely capable of proof by direct evidence and most often is inferred from the circumstances of the crime. *See Breshears v. State*, 2023 Ark. App. 442, at 8, 675 S.W.3d 493, 498; *Jenkins v. State*, 2020 Ark. App. 45, 593 S.W.3d 51. A jury is not required to lay aside common sense and may infer guilt from improbable explanations or incriminating conduct. *Id.* Viewing the evidence presented in the light most favorable to the State, we agree with counsel that the sufficiency of the evidence supporting Hart's conviction for possession of drug paraphernalia used to ingest methamphetamine does not present a meritorious ground for appeal.

3. *Possession of a Schedule VI controlled substance with purpose to deliver*

Possession of a Schedule VI controlled substance (marijuana) with the purpose to deliver can be proved by evidence that (1) the person has the means to weigh and separate

6

the marijuana, (2) the person possesses a record indicating drug-related transactions, (3) the marijuana is separated and packaged in a manner facilitating delivery, (4) the person possesses a firearm that is in the immediate physical control of the person at the time of possession, or (5) any other relevant and admissible evidence that contributes to the proof of intent to deliver. *See* Ark. Code Ann. § 5-64-436(a). Counsel correctly states that there was evidence, including almost one pound of marijuana, a drug-sales ledger, scale, baggies, and a nearby firearm, consistent with the requirements in section 5-64-436(a). We agree with counsel that this issue does not present a meritorious ground for appeal.

### 4. *Simultaneous possession of drugs and firearms*

A person commits the offense of simultaneous possession of drugs and firearms if he or she commits a felony drug violation while in possession of a firearm. Ark. Code Ann. § 5-74-106(a)(1) (Repl. 2016). Here, the State presented evidence that a firearm was found in Hart's home as well as more than four ounces and less than twenty-five pounds of marijuana, a Class C felony; thus, counsel is correct that Hart's conviction for simultaneous possession of drugs and firearms does not present a meritorious ground for appeal.

### 5. *Possession of firearms by certain persons*

No person shall possess or own any firearm who has been convicted of a felony. Ark. Code Ann. § 5-73-103(a)(1). Counsel correctly states that evidence of Hart's former felony convictions was entered without objection, and as stated above, the State presented evidence that a firearm was found inside Hart's home. We agree and hold that an appeal on this basis would be frivolous.

## 6. *Maintaining a drug premises*

It is unlawful for any person "knowingly to keep or maintain any store, shop, warehouse, dwelling, building, or other structure or place or premise that is resorted to by a person for the purpose of using or obtaining a controlled substance in violation of this chapter or that is used for keeping a controlled substance in violation of this chapter." Ark. Code Ann. § 5-64-402(a)(2) (Repl. 2016). Counsel adequately explains why this issue presents no meritorious ground for appeal, citing the overwhelming evidence presented by the State: felony amounts of methamphetamine and marijuana, a handgun and ammunition, a scale and baggies used for weighing and packaging drugs, several devices for smoking methamphetamine and marijuana, a second person inside the home at the time of the search, and a ledger that was used to record drug sales.

Viewing the evidence in the most favorable light to the State and considering only the evidence that supports the verdict, we hold that the circuit court did not err in finding that there was substantial evidence to support the jury's decision to convict Hart of the above charges. As such, there could be no meritorious ground for appeal regarding the sufficiency of the evidence.

## B. Adverse Rulings

Aside from his convictions, our review of the record reveals four rulings adverse to Hart regarding the introduction of exhibits. Counsel has noted each adverse ruling and adequately explained why none present a meritorious ground for appeal.

A circuit court's decision to admit evidence will not be reversed absent a manifest abuse of discretion. *Gulley v. State*, 2012 Ark. 368, 423 S.W.3d 569. The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. Further, this court will not reverse a circuit court's decision absent a showing of prejudice. *Davis v. State*, 350 Ark. 22, 86 S.W.3d 872 (2002).

## 1. *Exhibits 2, 3, and 4*

During a drug task force agent's testimony, the State introduced exhibit 2, a photograph of a mattress on the floor next to the front door of Hart's house; and exhibit 3, a photograph of the kitchen. Hart objected to both photographs as irrelevant and argued that exhibit 3 was redundant. Later, Hart objected to State's exhibit 4, a photograph of items on the kitchen counter, as irrelevant. All three objections were overruled, and the photographs were admitted. Counsel argues that all three photographs were relevant to the charge of simultaneous possession of drugs and firearms because they depicted what appeared to be drugs inside the home and served to inform the jury of essential elements of the charge. Because the location of the drugs was relevant to the charge, the circuit court did not abuse its discretion in admitting the photographs, and their admission over Hart's objection does not present a ground for a meritorious appeal.

## 2. *Exhibit 19*

Counsel also correctly contends that the admission of exhibit 19 over Hart's relevancy objection does not present a meritorious ground for appeal. Counsel explains that the

9

photograph of the drawer containing ammunition was relevant because Hart was charged with simultaneous possession of a firearm and drugs and possession of a firearm by certain persons. The court's admission of exhibit 19 does not present a nonfrivolous ground for appeal.

3. *Lay testimony*

State's exhibit 5 was introduced without objection; however, when the drug task force agent was asked to testify regarding the images in the photograph, Hart objected to the agent's identification of marijuana. Hart argued that a layperson is not an expert qualified to identify marijuana. The court allowed the State to lay a foundation for the agent's expertise and training regarding the identification of marijuana, which he did. Hart objected again on the same basis, and the court allowed the agent to continue testifying over the objection. Counsel correctly asserts that our supreme court has held that a layperson with training and experience may testify regarding the identification of marijuana. *See Terry v. State*, 2024 Ark. App. 130, 684 S.W.3d 653; *Kellensworth v. State*, 2021 Ark. 5, 614 S.W.3d 804.

C. Conclusion

When filing a no-merit brief, the test for counsel is not whether there is any reversible error but whether an appeal would be wholly frivolous. *See Honey v. State*, 2020 Ark. App. 496; *Wright v. State*, 2015 Ark. App. 300. Pursuant to *Anders*, we are required to fully examine all the proceedings to determine whether the case is wholly frivolous. *Williams v. State*, 2021 Ark. App. 164. From our review of the record and the brief presented to us, we find

10

compliance with Rule 4-3(k) and conclude that there is no merit to an appeal; thus, we affirm and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

WOOD and BROWN, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

One brief only.