Frederick A. OVERTON *v*. STATE of Arkansas

CR 02-1280 120 S.W.3d 76

Supreme Court of Arkansas
Opinion delivered June 19, 2003

*Gary M. Potts*, for appellant.

*Mike Bebee*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

A NNABELLE CLINTON IMBER, Justice. Appellant Frederick A. Overton challenges the circuit court's failure to conduct a hearing pursuant to the Arkansas Rape Shield Statute, codified at Ark. Code Ann. § 16-42-101 (Repl. 1999). Overton failed to either request a hearing or bring the matter of a hearing to the court's attention. Accordingly, we affirm.

On June 11, 2001, Overton was charged by information with one count of kidnapping and two counts of rape of his then nineteen-year-old stepdaughter. Ultimately, the prosecutor filed an amended information alleging that Overton had been previously convicted of one serious felony involving violence. On February 4, 2002, Overton filed a pretrial motion entitled "Motion to Admit Evidence of Prior Sexual Conduct." In a letter filed with the clerk on March 28, 2002, the circuit judge ruled that the motion was "denied unless the victim admits to such prior contact." Additionally, the letter advised the prosecutor to determine by the pretrial hearing scheduled for April 15, 2002, whether the victim admitted to the contact. The record does not reflect that a pretrial hearing on the issue ever took place.

Earlier in the criminal proceedings, the State had extended a plea offer to *nolle prosse* one count of rape and recommend that Overton receive two forty-year sentences to run concurrently for the remaining counts of rape and kidnapping. Overton refused the offer and the case went to trial on April 30 - May 1, 2002. Following the close of the State's case-in-chief, Overton renewed his February 4 motion to admit evidence of prior sexual conduct. The circuit court denied Overton's oral renewal of that motion. The jury found Overton guilty of kidnapping and two counts of rape. He was sentenced to serve a sixty-year sentence on each count, with the terms to run concurrently.

From those convictions, Overton appeals and raises one point for reversal. Specifically, he contends that the circuit court violated his constitutional right to due process of law when it failed to conduct a hearing pursuant to the Arkansas Rape Shield Statute after he filed a motion to admit evidence of the victim's prior sexual conduct.

■ ■ The rape-shield statute provides that evidence of a victim's prior sexual conduct is inadmissible at trial except where the court, at an in camera hearing, makes a written determination that such evidence is relevant to a fact in issue and that its probative value outweighs its inflammatory or prejudicial nature. Ark. Code Ann. § 16-42-101 (Repl. 1999); *Graydon v. State*, 329 Ark. 596, 953 S.W.2d 45 (1997). The purpose of the statute is to shield victims of

rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *Graydon v. State, supra.* The purpose of the relevancy hearing is to review the evidence and determine whether it is relevant for trial purposes. *See Sterling v. State,* 267 Ark. 208, 590 S.W.2d 254 (1980) (decision under prior law).

 Pursuant to the provisions of the rape-shield statute, evidence of a victim's prior sexual conduct with the defendant is not admissible by the defendant "to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose." Ark. Code Ann. § 16-42-101(b) (Repl. 1999). However, section 16-42-101(c) of the statute makes an exception to the general rule, providing in relevant part as follows:

> (c) Notwithstanding the prohibition contained in subsection (b) of this section, evidence directly pertaining to the act upon which the prosecution is based or evidence of the victim's prior sexual conduct with the defendant or any other person may be admitted at the trial if the relevancy of the evidence is determined in the following manner:
>
> > (1) A written motion shall be filed by the defendant with the court at any time prior to the time the defense rests stating that the defendant has an offer of relevant evidence prohibited by subsection (b) of this section and the purpose for which the evidence is believed relevant.
> >
> > (2)(A) A hearing on the motion shall be held in camera no later than three (3) days before the trial is scheduled to begin, or at such later time as the court may for good cause permit.

Ark. Code Ann. § 16-42-101(c) (Repl. 1999). This statute clearly provides that a hearing *shall* be held on a motion to admit evidence of a victim's alleged prior sexual conduct. *See Drymon v. State,* 316 Ark. 799, 875 S.W.2d 73 (1994). We have previously held that when a defendant seeks to have evidence admitted pursuant to section 16-42-101(c), it is the defendant's responsibility to pursue the motion and bring the matter of a hearing to the court's attention. *Cupples v. State,* 318 Ark. 28, 883 S.W.2d 458 (1994); *Drymon v.*

*State, supra; see also Laughlin v. State,* 316 Ark. 489, 872 S.W.2d 848 (1994). Similarly, it was Overton's responsibility to pursue the motion and bring the matter of a hearing to the court's attention. Yet, there is no indication in the record that he ever brought the matter of a section 16-42-101(c) hearing to the court's attention. An appellant may not claim reversible error based on his or her own error at trial. *Drymon v. State, supra.* Overton is thus barred from obtaining relief on this point on appeal.

Affirmed.

CORBIN, J., not participating.