RAYMOND R. ABRAMSON, Judge
A Cleveland County jury convicted Jason McDaniel of first-degree sexual assault of a minor victim, M.F., and sentenced him to 30 years' imprisonment in the Arkansas Department of Correction. McDaniel now appeals his conviction, arguing that the trial court erred by admitting evidence of prior sexual acts between M.F. and him. We affirm.
McDaniel was initially charged with four counts of first-degree sexual assault of the same minor victim for two acts that occurred in June 2015 and two acts that occurred in July 2015. The first two counts were nolle prossed by the State because the alleged sexual acts occurred outside the Thirteenth Judicial District. McDaniel was subsequently charged in the second amended information with two counts of first-degree sexual assault for engaging in sexual intercourse and/or deviate sexual activity with the victim, M.F., on July 6 and July 8, 2015. He was convicted on the first count and acquitted on the second count.
McDaniel filed a pretrial motion and an amended motion in limine asking the trial court to exclude evidence of sexual acts between him and the victim occurring in June 2015. In his motion, McDaniel argued that evidence of sexual contact with the victim outside the Thirteenth Judicial District, including communications between *117 him and M.F. via social media and text messages before July, were irrelevant or, in the alternative, barred under Arkansas Rule of Evidence 403 because the evidence was more prejudicial than probative of the counts charged and would only serve to mislead the jury. In its response, the State argued that evidence of sexual acts between M.F. and McDaniel in June 2015 were relevant as the conduct involved the same victim and the same res gestae.
Although it was evidence relating to uncharged crimes, the State argued that it was also admissible under the exception to Arkansas Rule of Evidence 404(b) because it was "proof of motive, opportunity, intent, preparation, plan, knowledge, and identity." The State further maintained that the probative value of the uncharged acts and communications between appellant and the victim outweighed the danger of unfair prejudice because appellant denied having sexual contact with the victim, and the "[t]ext or other social media messages referring to or suggesting sexual activities by a man in his 40s with a 14 year-old girl are highly probative when that man is alleged to have sexual contact with that girl within a short time period of those messages." The trial court agreed and denied McDaniel's motion in limine.
McDaniel's sole argument on appeal is that the admission of the evidence only served to inflame the jury because it fueled his conviction and resulted in the jury's sentencing him to the maximum term of 30 years' imprisonment for first-degree sexual assault under Arkansas Code Annotated section 5-14-124 (Repl. 2013). That statute provides, in pertinent part, that a person commits first-degree sexual assault if he or she engages in sexual intercourse with a person who is not the actor's spouse and the victim is less than eighteen years of age at the time of the offense and the actor was in a position of trust or authority over the victim. See Ark. Code Ann. § 5-14-124.
Evidence adduced at trial indicated that the victim was one of three children of a single mother, Melanie Fitzgibbon. Fitzgibbon testified that she met McDaniel through her children's sports activities. Her younger daughter and McDaniel's daughter were on the same basketball and softball teams. McDaniel served as the coach of both teams, and M.F. assisted him. During the spring and summer of 2015, Fitzgibbon worked as a substitute teacher and took courses to obtain a master's degree. McDaniel volunteered to help her during this time by giving her children rides to practices and games. He also took M.F. to physical-therapy appointments and would occasionally give her a ride home from school. Fitzgibbon testified that she trusted McDaniel and thought he was an upstanding citizen of the community.
M.F. testified that on June 2, 2015, her mother gave her permission to go to lunch with McDaniel. After lunch, he drove M.F. to a logging road where they both removed their clothes and almost had sexual intercourse inside his truck. M.F. testified that she became scared so they stopped. Later that day, M.F. and McDaniel exchanged several text messages including the following in which M.F. explained why she was uncomfortable:
[M.F.]: I had 2 reasons why I was.
[ MCDANIEL ]: Why?
[M.F.]: Cause you didn't have a condom & I'm scared to death of getting pregnant cause my luck I know I would & I was scared mom was wondering where I was. So next time you need to fix that.
[ MCDANIEL ]: Ok bet[.]
[M.F.]: I promise I'll be a lot better. I just was scared mom was wondering where I was & I don't wanna get pregnant *118 at 14. So if you fix those things I think I'll be okay.
M.F. testified that on June 24, 2015, McDaniel picked her up from her paternal grandmother's home in Warren and took her to lunch. After lunch, McDaniel took her to a remote logging road, parked the truck, and they had sexual intercourse for the first time. Later that same day, McDaniel sent M.F. the following message: "Well I know that you are tired. And probably ready for bed. I do hope that it was all good for you today and it was what you expected. I hope that I lived up to your every dream that you wanted. I love you and that will never go away."
M.F. also testified that two days later, on June 26, 2015, McDaniel picked her up around 10:00 a.m. to take her to a softball game in Stuttgart. After they stopped at Walmart for Gatorade, McDaniel drove down a logging road between Monticello and Star City, and they had sexual intercourse inside his truck. Afterward, they picked up McDaniel's daughter and other team members along with the adult assistant coach from McDaniel's home and drove to Stuttgart.
M.F. testified that on July 6, 2015, McDaniel picked her up from her home and took her to a physical-therapy appointment and then to lunch at a Mexican restaurant. After lunch, McDaniel took M.F. to his home where they had sexual intercourse in a camper parked behind his home. M.F. testified that the last time she and McDaniel had sexual intercourse was on July 8, 2015. That day, she and McDaniel left her home around 9:30 a.m. after they had loaded her younger brother's broken go-cart onto a trailer. They went to McDaniel's home, unloaded the trailer, and they again had sexual intercourse in the camper parked next to his home. M.F. testified that she also performed oral sex on McDaniel as a gift for his upcoming 40th birthday. After having sex, McDaniel took her to her 11:00 a.m. physical-therapy appointment.
Our standard of review is well settled. A trial court has wide discretion in making evidentiary rulings and will not be reversed absent an abuse of discretion. E.g. , Jackson v. State , 375 Ark. 321, 340, 290 S.W.3d 574, 587 (2009). Pursuant to Arkansas Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Such evidence is permissible for other purposes, however, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. "Under Arkansas Rule of Evidence 404(b), evidence of other crimes will be admitted if it has independent relevance, and its relevance is not substantially outweighed by the danger of unfair prejudice." Jones v. State , 349 Ark. 331, 339, 78 S.W.3d 104, 110 (2002). Evidence is independently relevant if it tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. E.g. , Cluck v. State , 365 Ark. 166, 175, 226 S.W.3d 780, 786 (2006).
When the crime charged concerns the sexual assault of a minor, the "pedophile exception" to Rule 404(b)"allows the State to introduce evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship." Craigg v. State , 2012 Ark. 387, at 7, 424 S.W.3d 264, 268. "For the pedophile exception to apply, there must be a sufficient degree of similarity between the evidence to be introduced and the charged sexual conduct." Id. The evidence also must not *119 be too separated in time, making it unduly remote. E.g. , Brown v. State , 2012 Ark. 399, at 7, 424 S.W.3d 288, 293. "[A] reasonableness standard is used to determine whether a crime remains relevant rather than a specific time limit." Id. at 8, 424 S.W.3d at 293.
Additionally, under Arkansas Rule of Evidence 403, relevant evidence may be excluded if its probative value is "substantially outweighed" by the danger of unfair prejudice. The mere fact that evidence is prejudicial does not make it inadmissible; it is only excludable if the danger of unfair prejudice substantially outweighs its probative value. E.g. , Lamb v. State , 372 Ark. 277, 285, 275 S.W.3d 144, 151 (2008). The trial court has wide discretion in balancing the conflicting interests, and its judgment will be upheld absent a manifest abuse of discretion. E.g. , Bragg v. State , 328 Ark. 613, 626, 946 S.W.2d 654, 661 (1997). Under these standards, the trial court did not abuse its discretion by admitting evidence of McDaniel's prior bad acts.
Here, the uncharged sexual acts that occurred in June 2015, as well as the texts and other social-media messages between McDaniel and the victim in the weeks leading up to the two counts charged, fall squarely within the pedophile exception to Rule 404(b). There was a sufficient degree of similarity between the uncharged sexual acts in June 2015 and the charged acts on July 6 and July 8, 2015. All of the acts occurred during the day after M.F.'s mother had either given McDaniel permission or asked him to take M.F. to or from a physical-therapy appointment, lunch, or other activity. As such, the testimony and texts were properly admitted under the pedophile exception. See Chunestudy v. State , 2012 Ark. 222, at 5-6, 408 S.W.3d 55, at 60 (holding the victim's testimony describing sexual acts similar to those charged and showing an ongoing sexual relationship clearly fell within the pedophile exception).
As noted above, the trial court's decision will be upheld absent a manifest abuse of discretion. We cannot say the trial court abused its wide discretion in admitting evidence of McDaniel's prior bad acts; therefore, we affirm.
Affirmed.
Glover and Murphy, JJ., agree.