Cite as 2024 Ark. App. 50

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-23-215

| | | |
|---|---|---|
| MICHAEL STEWART | | Opinion Delivered January 24, 2024 |
| | APPELLANT | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-21-79] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHARLES A. YEARGAN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**MIKE MURPHY, Judge**

Michael Stewart appeals the conviction rendered against him by a Clark County jury for one count of rape. Stewart was sentenced to sixty years' imprisonment in the Arkansas Division of Correction.

Pursuant to Arkansas Supreme Court Rule 4-3(b) and *Anders v. California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served appellant with a copy of counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days, but he has not done so. We agree with counsel that there are no issues of arguable merit. We affirm and grant counsel's motion to withdraw.

In a no-merit brief, counsel is required to list each ruling adverse to the defendant and explain why it does not present a meritorious ground for reversal. *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001). After a full examination of the proceedings, we are required to determine whether an appeal would be wholly frivolous. *Tennant v. State*, 2014 Ark. App. 403, at 2, 439 S.W.3d 61, 63. The reasons why any appeal from this case would be wholly frivolous are explained below.

First, there is no merit to a challenge to the sufficiency of the evidence on this charge. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Kourakis v. State*, 2015 Ark. App. 612, 474 S.W.3d 536. Substantial evidence is evidence that is forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* Stewart was charged with one count of rape involving a minor victim.

Any challenge to the sufficiency of the evidence, however, is without merit because the motion for directed verdict was not timely made. At trial, defense counsel failed to properly renew the directed-verdict motion at the close of the evidence. The defense presented its case, and the State declined to put on any rebuttal witnesses. Defense counsel, however, did not renew his directed-verdict motion until after the court had read the instructions to the jury. It is settled that a motion for directed verdict must be renewed at the close of the case, and an attempt to renew a motion for directed verdict after the jury has

been charged is not timely. *See, e.g.*, *Claiborne v. State*, 319 Ark. 602, 603, 892 S.W.2d 511, 512 (1995) (after jury had been instructed was too late); *Hayes v. State*, 312 Ark. 349, 352, 849 S.W.2d 501, 503 (1993) (after instructions but before closing was too late). This failure also amounts to waiver of the insufficiency argument on appeal.

An exhaustive recitation of the facts is unnecessary to discuss the remainder of the adverse rulings. Rape requires proof of sexual intercourse or deviate sexual activity with a person under fourteen years of age at the time of the offense. Ark. Code Ann. § 5-14-103 (Repl. 2013). Sexual intercourse "means penetration, however slight, of the labia majora by a penis." Ark. Code Ann. § 5-14-101(13) (Supp. 2023). Deviate sexual activity "means any act of sexual gratification involving the penetration, however slight, of the anus or mouth of one person by the penis of another person or the penetration, however slight, of the labia majora or anus of one person by any body member of or foreign instrument manipulated by another person." Ark. Code Ann. § 5-14-101(1).

At trial, an eight-year-old victim testified that Stewart showed her pornography, "put his hand on [her] private," and that it hurt when he put his finger "in the middle" of her "private part." Prior to trial, the State filed a notice of intent to use Arkansas Rule of Evidence 404(b) to present evidence of Stewart's prior convictions for lewd molestation in Oklahoma from 2003. Those offenses were committed by Stewart against his fourteen-year-old babysitter. We review evidentiary issues for an abuse of discretion. *Torres-Garcia v. State*, 2021 Ark. App. 174, at 10. Here, the circuit court did not abuse its discretion in admitting

the evidence of Stewart's prior convictions because the evidence falls within the pedophile exception to Rule 404.

When the crime charged concerns the sexual assault of a minor, the "pedophile exception" to Rule 404(b) "allows the State to introduce evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship." *McDaniel v. State*, 2018 Ark. App. 151, at 5–7, 544 S.W.3d 115, 118–19. For the pedophile exception to apply, there must be a sufficient degree of similarity between the evidence to be introduced and the charged sexual conduct. *Id.* Here, the offenses were sufficiently similar in that they occurred in Stewart's home with a young female child. For this same reason, an objection by the State, sustained later in the trial, also did not create prejudicial error. (A defense witness had inadvertently referenced the excluded prior allegations made by the victim.)

Another motion made by the State during the pretrial hearing was to allow redaction of rape-shield evidence from the video recording of Stewart's interview with the police. The rape-shield statute and rule govern the admissibility of evidence of other sexual conduct. Ark. Code Ann. § 16-42-101 (Supp. 2023); Ark. R. Evid. 411(a). If the defense intends to explore any sexual conduct of the alleged victim at trial, a written motion must be filed and heard and resolved by the circuit court before the evidence is offered or the pertinent questions asked. Ark. Code Ann. § 16-42-101; *Stewart v. State*, 2012 Ark. 349, at 9–10, 423 S.W.3d 69, 74. Any of the following will foreclose review on appeal: failure to file a written motion to

4

request admission, *Dillard v. State*, 2020 Ark. App. 419, at 10–11; merely responding to a motion in limine, *Bradley v. State*, 327 Ark. 6, 8–9, 937 S.W.2d 628, 629–30 (1997); or failing to request or hold an in camera hearing to determine the relevancy of the victim's prior sexual conduct in accordance with Ark. Code. Ann. § 16-42-101, *Overton v. State*, 353 Ark. 697, 700–01, 120 S.W.3d 76, 77–78 (2003). At no point did trial counsel take any of these steps to preserve any challenge to the rape-shield ruling; therefore, this point presents no issue of arguable merit.

The only defense motion made at the pretrial hearing was an oral motion in limine to exclude any reference to certain internet search titles that were found on Stewart's cell phone. Law enforcement had found some search queries that suggested material involving minors or people portraying minors, but no actual content resulting from the queries was recovered. The ruling was held in abeyance, and Stewart never received a ruling on the motion. An appellant must obtain a ruling on his argument to preserve it for appeal. *Buckley v. State*, 2023 Ark. App. 330, 669 S.W.3d 631.

Finally, at trial, Stewart objected to the State's providing a transcript of the video recording of Stewart's interview with the police, arguing that the video is the best evidence. The court asked trial counsel if he had an opportunity to review the transcript for accuracy, and counsel said that he had looked at it. The court then asked, "Do you have any reason to think there's anything there that's not – not accurate?" Counsel replied, "No, your honor. I think it's a transcript of the interview." This exchange forecloses any challenges based on prejudice, and our supreme court has upheld the use of transcripts in similar cases. *See*

5

*generally Madole v. State*, 2023 Ark. 139, at 6, 674 S.W.3d 738, 742; *Swain v. State*, 2015 Ark. 132, at 8, 459 S.W.3d 283, 287; *Bell v. State*, 371 Ark. 375, 388, 266 S.W.3d 696, 706 (2007); *Leavy v. State*, 314 Ark. 231, 235, 862 S.W.2d 832, 833 (1993).

Affirmed; motion to withdraw granted.

BARRETT and BROWN, JJ., agree.

*John Wesley Hall* and *Samantha J. Carpenter*, for appellant.

One brief only.