Cite as 2025 Ark. App. 338

# ARKANSAS COURT OF APPEALS
## DIVISION III
#### No. CR-24-262

| | | |
|---|---|---|
| MICHAEL POWELL | | Opinion Delivered May 28, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION |
| V. | | [NO. 60CR-18-2605] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE LATONYA HONORABLE, JUDGE |
| | | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Michael Powell appeals the Pulaski County Circuit Court sentencing order convicting him of second-degree sexual assault, a Class B felony, and sentencing him to 120 months' imprisonment. On appeal, Powell argues that the circuit court erred (1) in allowing the testimony of Lasharee Johnson as evidence of other crimes under the pedophile exception to Arkansas Rule of Evidence 404(b) and (2) in allowing Mark Bryant to testify as an expert witness. We affirm.

In April 2018, Sergeant Crystal Simmons of the Little Rock Police Department was a school resource officer at Henderson Middle School. She was chaperoning a field trip when students showed her a video sent to them by a twelve-year-old fellow student, Minor Victim (MV). Along with the video, MV had sent text messages, one of which stated, "That's me

and that's my mama's [boyfriend] touching me and I caught him on camera for the first time[.]" The video showed a male and a female lying in bed with the male's hand up the front of the female's shorts, along with a verbal exchange:

MV:        Can you stop?

POWELL:    You wet?

MV:        No, I'm not!

POWELL:    You moist?[1]

MV:        Can you stop?

Sergeant Simmons identified the female voice as MV's and sent the video to Detective Brittany Gunn of the Juvenile Crimes Division of the Little Rock Police Department to investigate. Detective Gunn interviewed Powell after he waived his *Miranda* rights. Powell, who lived with MV and her mother, identified the individuals in the video as himself and MV. Powell explained that they were lying on the bed when MV said she felt light headed and had to "pee." He told MV to get up and go to the bathroom or he would tickle her to make her "pee" on herself. He said that he could not tickle her stomach because she was wrapped in a blanket, so he put his hand up the side of her shorts and tried tickling her side. Powell denied touching MV's vagina.

---

[1]This statement is transcribed as indicated numerous times in the record. Although it is difficult to discern from reviewing the video what is said, we note that Powell makes no contention on appeal that the transcription of the video is incorrect. In addition, the State quotes the transcription of the video in its brief, and Powell did not file a reply brief challenging the accuracy of the statement.

In her police interview, MV said that Powell touched her vagina both inside and outside her underwear, but she later recanted her statement. She sent a letter to the court stating that Powell did not do anything wrong and asking it to lift a no-contact order because she could not participate in cheer without transportation to tryouts and games and because her mom needed "a ride to work on time and help paying bills[.]" MV also sent an email to a prosecutor stating that Powell did nothing to her.

A jury trial took place in October 2023. Relevant to this appeal, the State introduced the testimony of Lasharee Johnson, who testified that when she was twelve or thirteen years old, Powell committed acts of sexual assault against her. The State also introduced the testimony of Sergeant Simmons and Detective Gunn along with the video and text messages MV sent her friends, MV's interview with police stating that Powell had touched her vagina, and Powell's statement to the police. MV testified for the defense that Powell never touched her and that she had been coached by her cousin to make the allegations. In rebuttal, the State presented the expert testimony of Mark Bryant from the Children's Protective Center, who discussed the types of disclosure and recantations in child-abuse cases. Bryant also stated that children generally do not lie about abuse but that it does occur, adding that research showed that approximately 50 percent of children who recant go back to their original disclosure.

At the conclusion of the trial, the jury convicted Powell of second-degree sexual assault and sentenced him to 120 months' imprisonment. This appeal followed.

Powell does not challenge the sufficiency of the evidence supporting his conviction. Rather, he challenges two evidentiary rulings. Circuit courts have broad discretion in deciding evidentiary issues, and we will not reverse a circuit court's ruling on the admission of evidence absent an abuse of discretion. *Hartley v. State*, 2022 Ark. 197, at 8, 654 S.W.3d 802, 807. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.*, 654 S.W.3d at 807. We do not reverse unless the appellant demonstrates that he was prejudiced by the evidentiary ruling. *Id.*, 654 S.W.3d at 807.

Powell first argues that the circuit court erred in allowing Johnson's testimony under the pedophile exception to Arkansas Rule of Evidence 404(b) (2024). When the crime charged concerns the sexual assault of a minor, the "pedophile exception" to Rule 404(b) "allows the State to introduce evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship." *McDaniel v. State*, 2018 Ark. App. 151, at 6, 544 S.W.3d 115, 118. For the pedophile exception to apply, there must be a sufficient degree of similarity between the evidence to be introduced and the charged sexual conduct. *Stewart v. State*, 2024 Ark. App. 50, at 4, 682 S.W.3d 760, 763.

Before trial, Powell asked the State to disclose any evidence it intended to offer pursuant to Rule 404(b). The State notified Powell that it intended to offer evidence that he had committed similar acts of sexual assault against Johnson around twenty years ago. At a pretrial hearing, Johnson testified that when she was twelve or thirteen, Powell was her

4

mother's boyfriend, and lived with them. Johnson said that Powell would come into her room at night and touch her vagina outside her underwear while her mother slept. At the pretrial hearing, defense counsel made no objection to this testimony. The circuit court ruled that Johnson could testify at trial.

At trial, Powell argued that Johnson's testimony was not admissible under the pedophile exception because there was no way to determine whether the alleged prior conduct was similar to the charged conduct because MV had not yet testified. The circuit court denied the motion. When Johnson was called as the State's first witness, Powell renewed his objection and also objected as to relevance. The circuit court allowed the testimony.

On appeal, Powell again argues that the circuit court abused its discretion in allowing Johnson's testimony because Johnson was the State's first witness, and there was no evidence at that point "showing that [Powell] had engaged in any sexual contact with [MV]"; thus, there was no basis for the court to conclude that the evidence of Powell's alleged sexual conduct against Johnson was similar to Powell's alleged conduct against MV. However, we cannot reverse on this point because Powell cannot demonstrate that he was prejudiced by the circuit court's admission of Johnson's testimony at the beginning of its case. *See Hartley*, 2022 Ark. 197, at 8, 654 S.W.3d at 807. Following Johnson's testimony, the State introduced evidence that Powell sexually assaulted MV— including the video, the text messages, MV's initial interview, and Powell's statement.

Moreover, if the circuit court had erred in allowing Johnson's testimony before evidence of the conduct for which Powell was being charged was introduced, the error is harmless. When a circuit court errs in admitting evidence, we may declare an evidentiary error harmless if the evidence of guilt is overwhelming and the error is slight. *Lewis v. State*, 2023 Ark. 12, at 18. Here, despite MV's recantation of the assault and Powell's denial, a video of the assault was entered into evidence that showed Powell reaching into the front of MV's shorts and asking her if she was wet. MV sent the video to fellow students with a message stating, "That's me and that's my mama's [boyfriend] touching me and I caught him on camera for the first time[.]" We hold that any error in allowing Johnson's testimony before evidence of the conduct for which Powell was being charged is harmless.

For his second argument, Powell contends that the circuit court erred in allowing the expert testimony of Bryant. Powell contends that Bryant offered only generalizations about what occurs in child-abuse cases, he could not offer opinions specific to the case, and he testified that children generally do not lie about child abuse. Powell argues that Bryant's testimony was "only offered to show that the allegations were truthful." He further argues that Bryant's citations to "statistics" about the percentage of time children recant were prohibited. We do not reach the merits of Powell's arguments because they are not preserved for our review.

During the State's case-in-chief, Powell moved to exclude Bryant's testimony on the basis that Bryant never spoke to MV and that it would be prejudicial to allow him to offer an opinion in regard to the disclosure process. Powell also argued that Bryant's testimony

would be irrelevant if MV did not testify that she recanted her report of abuse. The circuit court granted Powell's motion and excluded Bryant's testimony but stated that if the defense called MV as witness, the issue could be revisited. Ultimately, MV testified for the defense, stating that she was coached by her cousin to make the allegation against Powell and that he never sexually assaulted her.

After the defense rested, the State called Bryant as a rebuttal witness. When the State asked the circuit court to qualify Bryant as an expert, Powell's counsel objected, stating, "One, we do not believe he is qualified because there's no field that he would need to testify to as far as expert testimony. Two, I believe it's up to the jury to determine whether he's an expert.  And if they feel he is an expert based on his training, knowledge, and experience he's an expert, then fine. . . . I don't believe the Court should make a comment on whether he's an expert." The circuit court overruled the objection and qualified Bryant as an expert in child psychology and child trauma.

At trial, Powell objected to Bryant's testimony on the bases that Bryant should not be qualified as an expert and that the court should not comment in front of the jury that Bryant was qualified as an expert. However, Powell abandons these arguments and instead contends that Bryant could not offer opinions specific to the case, his testimony was "only offered to show that the allegations were truthful," and Bryant's testimony regarding "statistics" was prohibited. These arguments were not the bases for the objections he made when the State called Bryant as a rebuttal witness. Parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of their objections as presented at trial. *Lester*

*v. State*, 2024 Ark. App. 206, at 19, 687 S.W.3d 344, 357. Accordingly, Powell's arguments are not preserved for our review.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.